394 S.E.2d 532

**STATE of West Virginia**

v.

**John B. KERNS.**

**No. 19247.**

Supreme Court of Appeals of West Virginia.

June 8, 1990.

Nelson R. Bickley, Bickley, Jacobs & Barkus, Charleston, for John B. Kerns.

O.C. Spaulding, Pros. Atty., Winfield, for State of W.Va.

McHUGH, Justice:

This appeal presents two questions of first impression to this Court, each involving the authority of a circuit court when reviewing a sentence imposed by a magistrate court upon a conviction of driving under the influence of alcohol. Disagreeing with the circuit court that it lacked the dispositional authority in question, we reverse its final order and remand this case for the circuit court to consider the alternative sentencing requested by the appellant.

1. *W.Va.Code*, 62–12–4 [1943] provides:

Whenever any person is found guilty of, or pleads guilty to, a crime in a court which is not a court of record, he may, at any time thereafter, file with the court of record to which an appeal would lie, or with the judge thereof in vacation, his petition in writing, together with a transcript of the docket of the

I

On February 28, 1989, the appellant, John B. Kerns, entered a plea of guilty, in the Magistrate Court of Putnam County, to a second offense of driving under the influence of alcohol, a misdemeanor under *W.Va.Code*, 17C–5–2(h) [1986]. The magistrate sentenced the appellant to six months in the county jail. Thereafter, the appellant, purportedly pursuant to *W.Va.Code*, 62–12–4 [1943], petitioned the Circuit Court of Putnam County for an alternative sentence of work release or electronically monitored home confinement or both.[1] The prosecution had no objection to the appellant's request, and the adult probation officer recommended such alternative sentence. The circuit court denied the appellant's request for alternative sentencing. It concluded that it was without statutory authority to order the appellant to serve in a work release program because he had not been convicted in a court of record. The circuit court also concluded that it was without statutory authority to order electronically monitored home confinement of the appellant because he had been ordered incarcerated in a county, not a state, penal institution.

II

The first issue in this case is whether the circuit court has the authority to apply to the appellant the statutory provisions on work release.

*W.Va.Code*, 17C–5–2(m) [1986] provides:

(m) The sentences provided herein upon conviction for a violation of this article are mandatory and shall not be subject to suspension or probation: Provided, That the court may apply the provisions [on work release or other sentencing alternatives] of article eleven-a, chap-

court in which he was convicted, requesting that he be placed on probation. Upon the filing of such petition and transcript, said court of record or the judge thereof, shall have power to suspend the execution of the sentence of the lower court and to release the petitioner on probation upon such conditions as to said court or judge may seem fitting.

ter sixty-two of this code to a person sentenced or committed to a term of one year or less.

Thus, while *W. Va. Code*, 17C–5–2(m) [1986] does not authorize probation *per se* for offenses of driving under the influence of alcohol, that statute does authorize consideration of alternative sentences such as work release for offenses of this nature which are misdemeanors.[2] Moreover, *W. Va. Code*, 17C–5–2(m) [1986] does not distinguish between those persons *convicted* in magistrate court and those convicted in a court of record (a circuit court) as to eligibility for work release.

■ On the other hand, the statute providing for work release, *W. Va. Code*, 62–11A–1 [1988], restricts consideration for work release to persons who are *sentenced or committed* for a term of one year or less by a *court of record* (a circuit court), as opposed to being sentenced or committed by a magistrate court:

(1) When a defendant is *sentenced or committed* for a term of one year or less by a *court of record* having criminal jurisdiction, such court may in its order grant to such defendant the privilege of leaving the jail during necessary and reasonable hours for any of the following purposes:

(a) To work at his employment;

(b) To seek employment;

(c) To conduct his own business or to engage in other self-employment, including, in the case of a woman, housekeeping and attending to the needs of her family;

. . . .

(f) To devote time to any other purpose approved of or ordered by the court, including participation in the litter control program of the county unless the court specifically finds that this alternative service would be inappropriate.

(emphasis added) Significantly, *W. Va. Code*, 62–11A–1 [1988] does not require a conviction in a court of record, only a sentence or a commitment (for a term of one year or less) by a court of record, in order for the person sentenced to be eligible for work release.[3]

■ *W. Va. Code*, 62–12–4 [1943], *see supra* note 1, explicitly authorizes a person who is found guilty of, or who pleads guilty to, a crime in a magistrate court (a court which is not a court of record) to petition the circuit court (a court of record) for suspension of the execution of the sentence of the magistrate court and to release the petitioner on *probation*.[4] As

2. The Court has stated that the essentially identical predecessor to *W. Va. Code*, 17C–5–2(m), with respect to persons sentenced for one year or less, did not authorize release on "unsupervised" probation but did authorize what could be viewed as "probationary release imposed concomitantly with one or more of the specific sentencing alternatives." *State ex rel. Simpkins v. Harvey*, 172 W.Va. 312, 320, 305 S.E.2d 268, 276 (1983). While that language is generally accurate, it is significant in certain contexts to distinguish probation from work release, rather than viewing them together.

For example, under *W. Va. Code*, 62–11A–1(6) [1988], work release is not a form of probation, but is more like parole, particularly for purposes of entitlement to "good time" credit: "An inmate who is serving his sentence pursuant to this section shall be eligible for a reduction of his term for good behavior and faithful performance of duties in the same manner as if he had served his term in ordinary confinement." *Compare and contrast* syl. pt. 6, *State ex rel. Gillespie v. Kendrick*, 164 W.Va. 599, 265 S.E.2d 537 (1980) (time served on work release must be counted as time served on underlying sentence to avoid multiple punishments), *with* syl. pt. 2,

*Jett v. Leverette*, 162 W.Va. 140, 247 S.E.2d 469 (1978) (time spent on probation need not be credited against sentence imposed or executed upon revocation of probation). Work release is more restrictive than probation but less restrictive than ordinary, total confinement.

3. In contrast, *W. Va. Code*, 62–11A–1a [1985] *does* require a *conviction* in a *court of record* in order for the person sentenced to be eligible for the *other* sentencing alternatives provided by that section, such as the weekend jail program, public works program or community service program.

4. A petition for probation under *W. Va. Code*, 62–12–4 [1943] is *not* an *appeal* of a conviction in magistrate court, but merely a request for the circuit court to modify the *sentence* imposed by the magistrate court. *W. Va. Code*, 50–5–13 [1984] ordinarily precludes an *appeal* from a plea of guilty in magistrate court where the defendant was represented by counsel at the time the guilty plea was entered. (Prior to the 1984 amendment to *W. Va. Code*, 50–5–13, this Court had held that any defendant who pleads guilty in magistrate court to a criminal offense

stated previously, *W. Va. Code*, 17C–5–2(m) [1986] expressly proscribes probation *per se* for an offense of driving under the influence of alcohol, but expressly authorizes work release as a sentence by a court of record for an offense of this nature which is a misdemeanor. The question is, then, whether *W. Va. Code*, 62–12–4 [1943] should be construed to authorize a circuit court, upon petition of the guilty person, to modify a sentence of a magistrate court in a misdemeanor case by ordering work release in lieu of ordinary confinement.

Being remedial in nature, statutory provisions relating to criminal procedure are to be construed liberally. 3 N. Singer, *[Sutherland on] Statutes and Statutory Construction* §§ 59.09, 60.05 (Sands 4th ed. rev. 1986) (collecting cases).[5] The Court has stated in a similar fashion that a remedial statute should be construed liberally to accomplish the purpose for which it was enacted. *Willis v. O'Brien,* 151 W.Va. 628, 634, 153 S.E.2d 178, 181 (involving a statute on venue in a criminal case), *cert. denied,* 389 U.S. 848, 88 S.Ct. 71, 19 L.Ed.2d 116 (1967). The purpose of *W. Va. Code,* 62–12–4 [1943] was to extend to courts of record, such as circuit courts, more flexibility in sentencing than magistrate courts (formerly justice of the peace courts), so that the guilty person could have his or her sentence reviewed and made less restrictive by a court of record, without appealing the conviction itself. While work release programs were not ex-

tant in this jurisdiction at the time *W. Va. Code,* 62–12–4 [1943] was enacted,[6] the authority to grant work release is entirely consistent with the just stated purpose of *W. Va. Code,* 62–12–4 [1943]. "That which is plainly within the spirit, meaning and purpose of a remedial statute, though not therein expressed in terms, is as much a part of it as if it were so expressed." Syl. pt. 1, *Hasson v. City of Chester,* 67 W.Va. 278, 67 S.E. 731 (1910). *See also* syl. pt. 6, in part, *State ex rel. Cohen v. Manchin,* 175 W.Va. 525, 336 S.E.2d 171 (1984) (effect should be given to spirit, purpose and intent of lawmakers without limiting interpretation in such manner as to defeat underlying purpose of statute); syl. pt. 2, *McVey v. Chesapeake & Potomac Telephone Co.,* 103 W.Va. 519, 138 S.E. 97 (1927) (thing within legislature's intention is regarded within statute, though not within letter of statute).[7]

Accordingly, this Court holds that a circuit court has the authority under *W. Va. Code,* 62–12–4 [1943] to apply the work release provisions of *W. Va. Code,* 62–11A–1 [1988] in lieu of a sentence of ordinary confinement imposed by a magistrate court in a misdemeanor case.

### III

The second issue in this case is whether the circuit court has the authority to apply to the appellant the statutory pro-

---

may appeal to a circuit court. Syl., *State ex rel. O'Neill v. Gay,* 169 W.Va. 16, 285 S.E.2d 637 (1981).)

A magistrate court has concurrent original jurisdiction with a circuit court of all misdemeanor offenses committed in a county. *W. Va. Code,* 50–2–3 [1983]. A magistrate court has no power to suspend indefinitely a criminal sentence already imposed by it. Syl. pt. 3, *In re Mendez,* 176 W.Va. 401, 344 S.E.2d 396 (1985). A circuit court may, however, upon a petition under *W. Va. Code,* 62–12–4 [1943], suspend a sentence of a magistrate court and release the petitioner on probation, or, as we hold herein, apply the statute on work release to the petitioner.

5. *See also W. Va. R. Crim. P.* 2 (rules of criminal procedure to be construed to secure simplicity

in procedure, fairness in administration, and elimination of unjustifiable expense and delay).

A statute on work release, for example, is a remedial statute and is to be construed liberally. *See, e.g., Davidson v. United States,* 467 A.2d 1282, 1283 (D.C.1983).

6. *W. Va. Code,* 62–11A–1, the statute on work release, was enacted in 1972.

7. We are aware of the limiting principle that the duty of construing a remedial statute liberally does not authorize a court to extend a statute to a case wholly beyond its purposes. *Henthorn v. Collins,* 146 W.Va. 108, 111, 118 S.E.2d 358, 360 (1961). We conclude that this limiting principle is not applicable here, for, as stated in the text, the authority to grant work release is consistent with the purpose of *W. Va. Code,* 62–12–4 [1943] to authorize a court of record to impose a less restrictive sentence than a court not of record.

visions on electronically monitored home confinement.

W. Va. Code, 25–1–13 [1988] permits selected inmates to be furloughed, that is, to reside outside an institution operated by the department of corrections. W. Va. Code, 25–1–14 [1988] authorizes the commissioner of the department of corrections to use electronic monitoring equipment to aid in the supervision of inmates furloughed under W. Va. Code, 25–1–13 [1988]. In the present case the county commission has purchased such electronic monitoring equipment.

 The statute on electronically monitored home confinement literally applies to felons ordered incarcerated in a state penal institution operated by the department of corrections. It would, however, require an incongruous construction to conclude that the statute precludes a circuit court, in a county having such equipment, from ordering electronically monitored home confinement of misdemeanants otherwise incarcerated in a county jail. It would be absurd and unreasonable to allow this less restrictive dispositional alternative to felons but not to misdemeanants. Such an interpretation would contradict the duty of this Court to avoid whenever possible a construction of a statute which leads to absurd, inconsistent, unjust or unreasonable results. "Where a particular construction of a statute would result in an absurdity, some other reasonable construction, which will not produce such absurdity, will be made." Syl. pt. 2, *Newhart v. Pennybacker*, 120 W.Va. 774, 200 S.E. 350 (1938).[8] *See also State v. Howerton*, 174 W.Va. 801, 805, 329 S.E.2d 874, 878 (1985); *Meadows v. Lewis*, 172 W.Va. 457, 473, 307 S.E.2d 625, 641–42 (1983); *State ex rel. Simpkins v. Harvey*, 172 W.Va. 312, 321, 305 S.E.2d 268, 277 (1983).

Therefore, in light of the sentencing flexibility granted to circuit courts in misdemeanor cases, a circuit court has the authority under W. Va. Code, 62–12–4 [1943] to order electronically monitored home confinement, in a county having the equipment therefor, in lieu of incarceration imposed by a magistrate court in a misdemeanor case.[9]

### IV

For the reasons stated in this opinion, the final order of the Circuit Court of Putnam County is reversed, and this case is remanded for that court to consider the alternative sentencing previously requested by the appellant.

Reversed and remanded.

8. The concurring opinion of one member of the Court in *Newhart v. Pennybacker* is reported in the regional reporter, 120 W.Va. at 780, 200 S.E., at 754.

9. We note that the legislature has very recently enacted the Home Detention Act, W. Va. Code, 62–11B–1 to 62–11B–11, effective June 7, 1990. That Act is consistent with our holding on eligibility for home confinement. Under that Act, at the discretion of the trial court, a person convicted of a crime punishable by imprisonment or detention in a county jail or state penitentiary may be confined to the offender's home, as a condition of probation or as an alternative sentence to another form of incarceration.