425 S.E.2d 210

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**David WHITE, Defendant Below, Appellant.**

**No. 20962.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 16, 1992.

Decided Dec. 17, 1992.

Teresa A. Tarr, Sr. Asst. Atty. Gen., Charleston, for appellee.

Thomas L. Berry, Johnston, Holroyd & Associates, Princeton, for appellant.

WORKMAN, Justice:

This is an appeal by David White from a June 25, 1991, order of the Circuit Court of Mercer County which denied the Appellant's motion for reconsideration and reduction of sentence. The Appellant contends that the lower court erred in denying his motion for reduction or reconsideration of his sentence. We agree and remand this case to the Circuit Court of Mercer County with directions to enter an order limiting the incarceration to the period allowed by law under the terms of the sentencing order.

## I.

On October 10, 1990, the Appellant was indicted by a Mercer County grand jury on one count of malicious wounding pursuant to West Virginia Code § 61–2–9 (1978). The Appellant subsequently entered into a plea agreement in which he agreed to plead guilty to the misdemeanor offense of battery, a violation of West Virginia Code § 61–2–9(c). At a March 11, 1991, sentencing hearing, the lower court sentenced the Appellant to one year in jail, suspended a portion of that sentence, and placed the Appellant on five years probation. The lower court's order of March 11, 1991, found that the Appellant was not a fit and proper person for probation. That order also provided that:

> David White be taken from the bar of this Court to the jail of this County and that he be therein confined for a period of one (1) year; it is further Ordered that execution of Defendant's sentence be, and the said is hereby suspended and the Defendant is hereby placed on probation for a period of five (5) years under the general conditions established by law, along with the following specific conditions:
>
> 1. That the Defendant serve five months and twenty-nine days in the Mercer County Jail;
>
> 2. That the Defendant make restitution in the amount of $9,100.00.
>
> 3. That the Defendant perform 200 hours public service work.

On May 5, 1991, counsel for the Appellant filed a motion for reconsideration of sentence pursuant to West Virginia Rule of Criminal Procedure 35(b), contending that the Appellant should have received only a

four-month jail sentence based upon the lower court's order that the Appellant was to be incarcerated as a condition of probation and upon West Virginia Code § 62–12–9(4) (1991)[1] which, in pertinent part, provides as follows:

In addition, the court may impose, subject to modification at any time, any other conditions which it may deem advisable, including, but not limited to, any of the following ...

. . . .

(4) That he [the probationer] shall, in the discretion of the court, be required to serve a period of confinement in the county jail of the county in which he was convicted for a period not to exceed one third of the minimum sentence established by law or one third of the least possible period of confinement in an indeterminate sentence, but in no case shall such period of confinement exceed six consecutive months.

At a June 25, 1991, hearing, the lower court denied the Appellant's motion for reconsideration, explaining that the imposition of a five-month, twenty-nine day jail sentence was not a "condition of probation" and was therefore not limited or governed in any manner by West Virginia Code § 62–12–9(4). The lower court apparently believed that the combination of incarceration and probation would permit the probation period to begin after the Appellant had served his jail sentence, treating the incarceration and the probation as separate and distinct punishments.[2] Although the lower court denied the Appellant's motion for reconsideration, it did release the Appellant on a $5,000 personal recognizance bond pending the outcome of this appeal.

## II.

Pursuant to West Virginia Code § 62–12–9(4), a trial court's authority to impose a period of incarceration as a condition of probation is clearly limited to one-third of the minimum jail sentence. Prior to 1983, incarceration as a condition of probation was prohibited. *See* Syl. Pt. 2, *Spencer v. Whyte*, 167 W.Va. 772, 280 S.E.2d 591 (1981). While incarceration as a condition of probation is now permitted, its imposition is limited by West Virginia Code § 62–12–9. In the present case, we recognize the lower court's apparent attempt to draw a distinction between incarceration with subsequent probation and incarceration as a condition of probation. Pursuant to our interpretation of the legislative time limitation regarding incarceration as a condition of probation, however, we uphold the circuit court's sentencing order, but reverse its action thereunder. In its sentencing order, the lower court specifically stated that the Appellant was to be "placed on probation for a period of five (5) years under the general conditions established by law, *along with the following specific conditions:* That, the Defendant serve five months and twenty-nine days in the Mercer County Jail." (emphasis added).

While the intent of the lower court may have been to impose a period of incarceration separate and distinct from probation, the sentencing order reflects a period of incarceration as a condition of probation. Therefore, such sentence is subject to the limitations of West Virginia Code § 62–12–9(4). We find that the sentence of five months and twenty-nine days as a condition of the five-year probation violates the statutory limitation that a period of incarceration shall not exceed one-third of the minimum sentence established by law for the crime for which the individual was convicted. *Id.* In this instance, the battery statute provided for "not more than twelve months" incarceration.[3] *See* W.Va.Code § 61–2–9(c). In our attempt to interpret the legislative intent of the statutory lan-

---

**1.** While this statute was amended in 1992, the amendment had no effect upon the cited portions.

**2.** The circuit court did not, however, even amend its order to reflect this apparent conception. Consequently, having held that a court speaks through its orders, we are left to decide this case within the parameters of the circuit court's order. *State ex rel. Erlewine v. Thompson,* 156 W.Va. 714, 718, 207 S.E.2d 105, 107 (1973); *See State v. Flint,* 171 W.Va. 676, 679 n. 1, 301 S.E.2d 765, 768 n. 1 (1983).

**3.** The Appellant initially argued to the trial court that any sentence would be inappropriate since the sentence available upon a battery conviction is not more than twelve months, i.e. no

guage, we must acknowledge the legislature's desire to curtail the discretion of a trial court in the imposition of incarceration as a condition of probation.

In syllabus point 3 of *Shell v. Bechtold*, 175 W.Va. 792, 338 S.E.2d 393 (1985), we explained the following:

> " 'A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent therewith.' Syllabus Point 5, *State v. Snyder*, 64 W.Va. 659, 63 S.E. 385 (1908)." Syl. pt. 1, *State ex rel. Simpkins v. Harvey*, [172] W.Va. [312], 305 S.E.2d 268 (1983).

We have also explained that " '[i]n ascertaining legislative intent, effect must be given to each part of the statute and to the statute as a whole so as to accomplish the general purpose of the legislation.' Syl. Pt. 2, *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 219 S.E.2d 361 (1975)." Syl. Pt. 3, *State ex rel. Fetters v. Hott*, 173 W.Va. 502, 318 S.E.2d 446 (1984). In the present case, we believe that upon the lower court's imposition of a five year probationary period and a twelve month sentence with only five months and twenty-nine days to be served, the one-third calculation enunciated in the statute must be interpreted to limit the period of incarceration to four months, one-third of the twelve months permitted by statute.

While this case has raised an issue of interpretation of West Virginia Code § 62–12–9(4), we do not believe it to be a complicated matter of statutory construction.[4] A sentencing court cannot be permitted to circumvent legislative intent regarding limitation of periods of incarceration in conjunction with probation. In sentencing an offender, a court may either sentence the individual to a period of incarceration or place the individual on probation. If the court wishes to probate with a period of incarceration as a condition of that probation, West Virginia Code § 62–12–9(4) must be followed.[5] In this case, the lower court clearly spoke through its order by placing the Appellant on probation and imposing incarceration as a condition of probation. The lower court failed to take advantage of its opportunity to clarify the disposition when the parties returned before it for a reconsideration hearing. Therefore, in interpreting the order as it stands, we find that the lower court exceeded the maximum time of incarceration allowable as a condition of probation, and we remand this matter with directions to enter an order limiting the incarceration condition to the period allowed by law.

Reversed and remanded.

---

minimum period. However, the Appellant also argued that when the sentence of twelve months was imposed, that twelve month period could possibly be considered the "minimum" upon which the one-third of the time period could be calculated. We believe that in order to give any effect to the language of the statute, the latter option must be adopted, and the twelve-month time period must be the basis for the one-third calculation.

**4.** The State has agreed that if West Virginia Code § 62–12–9(4) controls, the Appellant is only subject to a four-month period of incarceration.

**5.** We note parenthetically that the lower court could legitimately have accomplished what was apparently its purpose by sentencing the defendant to a period of incarceration and subsequently granting a motion for reconsideration (assuming such a motion was filed in a timely fashion) after whatever portion of the sentence it deemed appropriate had passed, then suspending the further execution of that sentence and placing the defendant on probation with no additional incarceration. West Virginia Rule of Criminal Procedure 35(b) provides for such reduction in sentence and specifically allows for "[c]hanging a sentence from a sentence of incarceration to a grant of probation...." When incarceration is ordered as a condition of probation, however, West Virginia Code § 62–12–9(4) governs.