447 S.E.2d 14

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Michael WATTERS, Defendant Below, Appellant.**

**No. 21931.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 19, 1994.

Decided July 15, 1994.

---

Christopher S. Moorehead, Asst. Fayette County Public Defender, Fayetteville, for appellant.

Darrell V. McGraw, Atty. Gen., Gretchen A. Murphy, Asst. Atty. Gen., Charleston, for the State.

PER CURIAM:

This is an appeal by Michael Watters ("Appellant") from a February 5, 1993, order of the Circuit Court of Fayette County in which the Appellant was sentenced to twelve months in the Fayette County Jail and fined $500 plus court costs. The lower court suspended the last six months of the sentence and ordered that the Appellant be placed on probation for thirty-six months after serving the first six months of that sentence. The Appellant contends that such sentence violates West Virginia Code § 62–12–9(4) (1991) and requests this Court to reverse the sentencing order of the lower court and remand for modification of sentence. We reverse the lower court's order and remand for proper sentencing.

I.

The Appellant pleaded nolo contendere on December 7, 1992, to the offense of attempted third-degree sexual assault. On February 5, 1993, the Appellant appeared in person and by counsel to be sentenced. The lower court sentenced the Appellant to twelve months in jail and a fine of $500. The court then stated as follows in the written sentencing order: "The Court further suspends six (6) months of the period of incarceration in the Fayette County Jail, he shall be placed upon probation for a period of thirty-six (36) months thereafter."

On March 11, 1993, the Appellant moved for a modification of sentence and argued that the lower court had exceeded its authority by sentencing the Appellant to probation and incarceration, as a condition of probation, for more than the statutory maximum of one-third of the minimum sentence. West Virginia Code § 62–12–9(4) provides, in pertinent part, as follows:

In addition, the court may impose, subject to modification at any time, any other conditions which it may deem advisable, including, but not limited to, any of the following ...

. . . .

(4) That he [the probationer] shall, in the discretion of the court, be required to serve a period of confinement in the county jail of the county in which he was convicted for a period not to exceed one third of the minimum sentence established by law or one third of the least possible period of confinement in an indeterminate sentence, but in no case shall such period of confinement exceed six consecutive months.

The minimum sentence for third-degree sexual assault is six months, pursuant to West Virginia Code § 61–11–8 (1991). Thus, one-third of that sentence would be two months. That is the maximum period of incarceration to which the Appellant contends he could be sentenced as a condition of the ordered probation.

The Appellant's motion for modification was denied by the lower court by letter dated April 2, 1993. Notice of intent to appeal was filed on April 28, 1993, and the Appellant was released from the Fayette County Jail on bond pending the outcome of this appeal.

II.

In syllabus point 3 of *State v. White,* 188 W.Va. 534, 425 S.E.2d 210 (1992), we explained that "[i]n sentencing an offender, a court may either sentence the individual to a period of incarceration or place the individual on probation. If the court wishes to probate with a period of incarceration as a condition

of that probation, West Virginia Code § 62–12–9(4) (1991) must be followed." In *White,* the offender had been sentenced to one year in jail, with a portion of the sentence suspended, and was also placed on five years probation. 188 W.Va. at 535, 425 S.E.2d at 211. In so sentencing the offender, the lower court in *White* had explicitly stated that the offender be placed on five years probation "with the following specific conditions...." *Id.* One of those "conditions" was the incarceration period. *Id.*

Because the incarceration in *White* was specifically stated to be a "condition" of probation, the facts of *White* conform more closely to the actual language employed in the statute regarding "conditions" of probation. In the present case, however, the Appellant was sentenced to incarceration of six months and probation of thirty-six months. Although the Appellant would argue that such incarceration could be characterized as a condition of probation, it was not specifically designated as a "condition." It appears that the circuit court in the instant case attempted to make a disposition that included a sentence of incarceration *and* a subsequent period of probation.

■ As we explained in *White,* a sentencing court may *either* probate an individual *or* sentence him to a period of incarceration. *Id.* at 537, 425 S.E.2d at 213. The only mechanism through which the sentencing court can do both under statute is by sentencing the offender to a period of incarceration as a condition of probation.[1] In the instant case, it is unclear whether the court imposed the incarceration as a condition of probation. Upon remand, the lower court should clarify this issue, and if such incarceration was intended as a condition of probation, then an order should be entered which comports with the principles enunciated herein and such incarceration should be limited to the maximum allowed by statute. If, on the contrary, the lower court did not intend to impose incarceration as a condition

of probation, then the sentencing order did not comport and consequently was void.

In that case, the court on remand should determine either to sentence the defendant pursuant to the statute or to place him on probation.

Reversed and remanded with directions.

---

**1.** We do, however, reiterate, as set forth in footnote 5 of *White,* that a combination of probation and incarceration may legitimately be accomplished where a defendant is initially sentenced to a period of incarceration and is subsequently granted a motion for reconsideration, after what-

ever portion of the sentence the lower court deems appropriate has passed. 188 W.Va. at 537, 425 S.E.2d at 213 n. 5. This would allow suspension of the further execution of the sentence and placement of the defendant on probation.