450 S.E.2d 806

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Melody LONG, Defendant Below, Appellant.**

**No. 22195.**

Supreme Court of Appeals of West Virginia.

September 1994 Term.

Submitted Sept. 28, 1994.

Decided Nov. 2, 1994.

Shawn A. Taylor, Asst. Atty. Gen., Charleston, for appellee.

James R. Fox, Jory & Smith, Elkins, for appellant.

MILLER, Justice: [1]

The appellant, Melody Long, files this appeal from the August 9, 1993, order of the Circuit Court of Upshur County, in which the court denied her petition for alternative sentencing. The issue on appeal is whether a circuit court has the authority to impose an alternative sentence of work release, coupled with home confinement when the defendant is not at work, where the offender was convicted of second offense driving under the influence of alcohol. The Circuit Court of Upshur County concluded that it did not have such authority. We disagree and remand this case back to the Circuit Court of Upshur County.

There is no dispute as to the facts. The defendant was convicted in magistrate court of second offense driving under the influence of alcohol and was sentenced to six months and one day in the county jail. On June 16,

---

1. Pursuant to an Administrative Order entered by this Court on September 13, 1994, retired Justice Thomas B. Miller was recalled for the September 1994 term because of the physical incapacity of Chief Justice W.T. Brotherton, Jr.

1993, she filed a motion for alternative sentencing in the Circuit Court of Upshur County pursuant to W.Va.Code, 62–12–4 (1943).[2] In that motion, the defendant requested that she be given an alternative sentence of home confinement under W.Va.Code, 62–11B–1 (1988), and, in addition, work release under W.Va.Code, 62–11A–1 (1988).[3]

The Circuit Court of Upshur County acknowledged that it had authority under syllabus point 2 of *State v. Kerns*, 183 W.Va. 130, 394 S.E.2d 532 (1990), to impose work release as an alternative sentence for the misdemeanor of second offense driving under the influence of alcohol. The defendant in *Kerns* had entered a guilty plea to second offense driving under the influence of alcohol. He then filed a request for an alternative sentence with the circuit court. The court found the authority to impose work release, holding that:

> A circuit court has the authority under *W.Va.Code*, 62–12–4 [1943] to apply the work release provisions of *W.Va.Code*, 62–11A–1 [1988] in lieu of a sentence of ordinary confinement imposed by a magistrate court in a misdemeanor case.

**2.** W.Va.Code, 62–12–4 (1943), states:

Whenever any person is found guilty of, or pleads guilty to, a crime in a court which is not a court of record, he may, at any time thereafter, file with the court of record to which an appeal would lie, or with the judge thereof in vacation, his petition in writing, together with a transcript of the docket of the court in which he was convicted, requesting that he be placed on probation. Upon the filing of such petition and transcript, said court of record or the judge thereof, shall have power to suspend the execution of the sentence of the lower court and to release the petitioner on probation upon such conditions as to said court or judge may seem fitting.

**3.** The defendant represented that she had two managerial-level jobs, one at a Pizza Hut and the other at a Walmart. She also stated that if a jail sentence was imposed, she would lose those jobs, and the house that she had recently purchased.

**4.** Under W.Va.Code, 17C–5–2(d)(2) (1986), for first offense driving under the influence, a person:

Shall be guilty of a misdemeanor, and, upon conviction thereof, shall be imprisoned in the county jail for not less than one day nor more than six months, which jail term shall include

At the time *Kerns* was written, a conviction for first or second offense driving under the influence of alcohol was a misdemeanor that carried a jail sentence of one year or less. W.Va.Code, 17C–5–2(d)(2)[4] and (h)[5] (1986). Consequently, under W.Va.Code, 17C–5–2(m),[6] work release under W.Va.Code, 62–11A–1 *et seq.* (1990), was authorized. In *Kerns*, we discussed the alternate availability of home confinement and concluded that:

> A circuit court has the authority under *W.Va.Code*, 62–12–4 [1943] to order electronically monitored home confinement, in a county having the equipment therefor, in lieu of incarceration imposed by a magistrate court in a misdemeanor case.

*Id.* at syl. pt. 4.

In this case, the Upshur County Circuit Court was concerned that if the sentence was modified to include both home confinement and work release, it would be tantamount to probation or a suspended sentence. Probation or suspension is prohibited under W.Va. Code, 17C–5–2(m), which states "[t]he sentences provided herein ... are mandatory and shall not be subject to suspension or probation...." However, as pointed out, this language is not absolute, as this section recognizes, home confinement as an excep-

actual confinement of not less than twenty-four hours, and shall be fined not less than one hundred dollars nor more than five hundred dollars.

**5.** W.Va.Code, 17C–5–2(h) (1986), contains the penalty for second offense driving under the influence:

A person violating any provision of subsection (b), (c), (d), (e), (f) or (g) of this section shall, for the second offense under this section, be guilty of a misdemeanor, and, upon conviction thereof, shall be imprisoned in the county jail for a period of not less than six months nor more than one year, and the court may, in its discretion, impose a fine of not less than one thousand dollars nor more than three thousand dollars.

**6.** W.Va.Code, 17C–5–2(m) (1986), states:

The sentences provided herein upon conviction for a violation of this article are mandatory and shall not be subject to suspension or probation: Provided, That the court may apply the provisions of article eleven-a [§ 62–11A–1 et seq.], chapter sixty-two of this code to a person sentenced or committed to a term of one year or less.

tion.[7] Moreover, *Kerns* recognized the right to release an offender on home confinement for second offense driving under the influence of alcohol. *Id.* at syl. pt. 4.

■ When the legislature initially adopted the home confinement statute, it stated that it was "... another form of incarceration...." W.Va.Code, 62–11B–4(a) (1990).[8] The entire statutory scheme indicates that home confinement is designed to place substantial restrictions on the offender.[9] A violation of these restrictions results in the offender being subject to incarceration under the penalties prescribed for the crime. W.Va.Code, 62–11B–9(b) (1990). The penal nature of home detention is recognized under W.Va.Code, 62–11B–9(b), as it provides credit for time spent in home confinement towards the imposition of any sentence following a violation of home confinement.[10] Thus, we conclude that home confinement under W.Va.Code, 62–11B–1, et seq. (1990), constitutes an alternative sentence and, therefore, is authorized under W.Va.Code, 17C–5–2(m) (1986).

As indicated above, the Upshur County Circuit Court was troubled by the defendant's request to be given home detention with the right to be released to go to work. However, the right to be released to go to work has been an established part of the home detention act since its enactment in 1990. Under W.Va.Code, 62–11B–5(1)(A) (1990), a court could, as an adjunct to home confinement, allow the person to travel to his or her place of employment and return home.[11] This provision is different from the work release statute, W.Va.Code, 62–11A–1 (1992), where the individual is released from jail to go to work and then returns to the jail.

■ Although the parties do not recognize this point, the home detention statute has clear language that authorizes a court, as an adjunct to granting home detention, to allow the offender to travel to and from work. Thus, even prior to 1994, when the legislature authorized the right to home detention as a second alternative sentence to work release under W.Va.Code, 17C–5–2(*o*) (1994), W.Va.Code, 17C–5–2(m) (1986), provided the authority for a sentencing court to give the offender home detention with the right under W.Va.Code, 62–11B–5(1)(A), to travel to and return from the offender's place of employment for the misdemeanor offense of first or second offense driving under the influence of alcohol. It would appear that both parties overlooked W.Va.Code, 62–11B–5(1)(A).[12]

■ However, we emphasize that these legislative options are not mandatory. They provide the circuit judge with the discretion to exercise such alternative sentencing as

7. In 1994, the legislature amended W.Va.Code, 17C–5–2(*o*) to include home confinement as an alternative sentence, along with work release. It states:

> The sentences provided herein upon conviction for a violation of this article are mandatory and shall not be subject to suspension or probation: Provided, That the court may apply the provisions of article eleven-a [§ 62–11A–1 et seq.], chapter sixty-two of this code to a person sentenced or committed to a term of one year or less. An order for home detention by the court pursuant to the provisions of article eleven-b [§ 62–11B–1 et seq.], chapter sixty-two of this code may be used as an alternative sentence to any period of incarceration required by this section.

8. W.Va.Code, 62–11B–4(a) (1990), was amended in 1993 to allow magistrates to grant home detention for any criminal conviction over which the magistrate has jurisdiction.

9. W.Va.Code, 62–11B–5 (1990), lists these restrictions in eight categories.

10. The applicable portion of W.Va.Code, 62–11B–9(b) (1990), states, in part:

> [T]he participant shall receive credit towards any sentence imposed after a finding of violation for the time spent in home confinement.

11. W.Va.Code, 62–11B–5(1)(A) (1990), states:

> An order for home detention of an offender under section four [§ 62–11B–4] of this article shall include, but not be limited to, the following:
> (1) A requirement that the offender be confined to the offender's home at all times except when the offender is:
> (A) Working at employment approved by the court or traveling to or from approved employment....

12. We do not suggest that offenders who are granted work release and who have had their driver's licenses revoked be permitted to drive to and from work. Any arrangement for alternative transportation would be subject to the control and approval of the court.

may be warranted in a given case. In this case, the circuit court declined to give the defendant both work release and home confinement. Consequently, we do not reverse the circuit court's decision, but merely remand the case so that the court may have an opportunity to reconsider the case in light of this opinion.

Remanded.

Brotherton, C.J., did not participate.

Miller, Retired J., sitting by special assignment.