465 S.E.2d 384

STATE of West Virginia, Plaintiff Below, Appellee,

v.

Mabel LEWIS, aka Mabel Beasley, Defendant Below, Appellant.

No. 22789.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 19, 1995.

Decided Nov. 16, 1995.

---

Darrell V. McGraw, Jr., Attorney General, Stephen B. Stockton, Assistant Attorney General, Charleston, for Appellee.

Scott A. Ash, Public Defender, Princeton, for Appellant.

RECHT, Justice:

Mabel Lewis, aka Mabel Beasley, appeals an order of the Circuit Court of Mercer County sentencing her to a suspended indeterminate prison term of between one and ten years, with probation for five years under the general rules and regulations of probation, with special conditions of probation, including four months of incarceration at the Southern Regional Jail followed by an eight-month period of home incarceration. Ms. Lewis was convicted of third offense shoplifting. On appeal, Ms. Lewis contends that her sentence is improper under the law of the State of West Virginia. Because we find the special conditions of Ms. Lewis' probation are valid, we affirm the decision of the circuit court.

I

This is the second time we have addressed a sentencing order based on Ms. Lewis' conviction of third offense shoplifting. Originally, Ms. Lewis was sentenced to the penitentiary for an indefinite term of not less than one year nor more than ten years and a fine of $500.00. Ms. Lewis appealed her conviction and sentence to this Court, and in *State v. Lewis*, 191 W.Va. 635, 640, 447 S.E.2d 570, 575 (1994) (*Lewis I*), this Court found that

the shoplifting statutory scheme in effect at the time of the defendant's offense mandated "a disproportionate sentence to the crime committed by expressly prohibiting probation and implicitly prohibiting alternative sentencing." Accordingly, this Court remanded the case to the trial court for consideration of alternative sentencing.

Upon remand, the trial court imposed a suspended indeterminate prison term of between one and ten years, with probation for five years under the general regulations of probation and with special probation, including four months incarceration in the Southern Regional Jail followed by eight months of home detention.

In this appeal, Ms. Lewis claims that the trial court erred by imposing confinement in excess of one-third of the minimum sentence as a condition of probation. Specifically, Ms. Lewis maintains that because the eight months of home incarceration must be considered the same as confinement in a secured facility, her sentence exceeds the maximum period of confinement allowed in *W.Va.Code* 62–12–9(b) (1994) (hereinafter the probation statute). The State argues that home incarceration is more similar to probation than confinement in a secured facility and in any case, the probation statute (*W.Va.Code* 62–12–9(b) (1994)) by its specific language includes only confinement in the county jail in its calculation of the maximum period of confinement.

## II

According to *W.Va.Code* 61–3A–3(c) (1994) (hereinafter the shoplifting sentence statute), third offense shoplifting is punishable by a fine and imprisonment in the penitentiary for not less than one year nor more than ten

years, and at least one year of the sentence must actually be spent in the penitentiary. However, home incarceration can be used as an alternative for the required incarceration.[1]

■ Ms. Lewis' sentence, imposed under the shoplifting sentence statute, includes both home incarceration and probation, which are governed by two different articles of chapter sixty-two of the Code. Probation is governed by article twelve and home incarceration is governed by article eleven-b.[2] In fashioning an appropriate sentence for Ms. Lewis, the circuit court looked to the design and the application of three Code provisions: (1) the shoplifting sentence statute, (2) the home incarceration statute, and (3) the probation statute. In determining the interplay among the statutory provisions, we must look at the statutes as a whole to ascertain the general purpose of the Legislature. Our traditional rule was stated in Syl. pt. 1, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968):

Courts always endeavor to give effect to the legislative intent, but a statute that is clear and unambiguous will be applied and not construed.

In Syl. pt. 2, *State v. White*, 188 W.Va. 534, 425 S.E.2d 210 (1992), we explained:

" 'In ascertaining legislative intent, effect must be given to each part of the stature and to the statute as a whole so as to accomplish the general purpose of the legislation.' Syl. pt. 2, *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 219 S.E.2d 361 (1975)." Syl. pt. 3, *State ex rel. Fetters v. Hott*, 173 W.Va. 502, 318 S.E.2d 446 (1984).

*Accord* Syl. pt. 8, *State ex rel. Goff v. Merrifield*, 191 W.Va. 473, 446 S.E.2d 695 (1994). Thus we look to the general system of law as

---

1. The shoplifting sentence statute (*W.Va.Code* 61–3A–3(c) (1994)) provides:

 *Third offense conviction.*—Upon a third or subsequent shoplifting conviction, regardless of the value of the merchandise, the person is guilty of a felony and shall be fined not less than five hundred dollars nor more than five thousand dollars, and shall be imprisoned in the penitentiary for not less than one year nor more than ten years. At least one year shall actually be spent in confinement and not subject to probation: Provided, That an order for home detention by the court pursuant to the

provisions of article eleven-b [§ 62–11B–1 et seq.], chapter sixty-two of this code may be used as an alternative sentence to the incarceration required by this subsection.

*See State v. Lewis I*, 191 W.Va. at 637 n. 3, 447 S.E.2d at 572 n. 3. for the 1992 version of the shoplifting sentence statute.

2. In conformity with our style of referring to the other applicable statutes, we will refer to the Home Incarceration Act, *W.Va.Code* 62–11B–1 (1994) *et seq.*, as the home incarceration statute.

well as the specific provisions to determine the general purpose of the legislation. In Syl. pt. 5 of *State v. Snyder,* 64 W.Va. 659, 63 S.E. 385 (1908), we stated:

> A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject-matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent therewith.

*Accord* Syl pt. 3, *State ex rel. Water Development Authority v. Northern Wayne County Public Service District,* 195 W.Va. 135, 464 S.E.2d 777 (1995); Syl. pt. 1, *Holstein v. Norandex, Inc.,* 194 W.Va. 727, 461 S.E.2d 473 (1995); Syl. pt. 7, *State ex rel. Goff v. Merrifield, supra;* Syl. pt. 1 *Hayes v. Roberts & Schaefer Co.,* 192 W.Va. 368, 452 S.E.2d 459 (1994); Syl. pt. 1, *State v. White, supra;* Syl. pt. 3, *Shell v. Bechtold,* 175 W.Va. 792, 338 S.E.2d 393 (1985).

 In the present case, the three statutes affecting Ms. Lewis' sentence use different terms incarceration, confinement or detention to refer to penalty options and be-

cause of the interplay among the statutes, the relationship of home incarceration to the probation statute is not clear and unambiguous.[3] Because of the lack of a consistent use of terms among the statutes involved, this Court must read the statutes and our case law interpreting each statute to ascertain the "spirit, purposes and objects of the general system of law." *State v. Snyder, supra.* We also seek to harmonize the statute with the existing law to "aid in the effectuation of the [law's] general purpose and design." *Id.* Based upon these principles, we find that home incarceration is not considered confinement within the meaning of the probation statute *(W.Va.Code* 62–12–9(b) (1994)) for the purposes of determining the maximum confinement allowed as a condition for probation. This determination is based on the language of the probation statute, our cases analyzing the nature of home incarceration and our cases analyzing the imposition of confinement as a condition for probation.

### III

The imposition of a sentence of home incarceration is governed by the Home Incarceration Act *(W.Va.Code* 62–11B–1 (1994) *et seq.).*[4] The act provides that "as an alternative sentence to another form of incarceration for any criminal violation ..., a circuit court may order an offender confined to the

---

**3.** The shoplifting sentence statute *(W.Va.Code* 61–3A–3(c) (1994)) *(see* note 1 for text), states that a convicted person "shall be imprisoned in the penitentiary" with "[a]t least one year ... spent *in confinement and not subject to probation;"* however, "home detention" may be used as an alternative sentence to the "incarceration." Within this Code provision, the distinction between home detention and confinement/incarceration/imprisonment in the penitentiary is clear.

The home incarceration statute *(W.Va.Code* 62–11B–1 (1994) *et seq.)* uses the term incarceration to refer to both an offender's retention in a secured facility and an offender's confinement in his or her home. The March 1994 amendments substituted "incarceration" for "confinement" and "detention" throughout the Home Incarceration Act. The Act generally refers to an offender's confinement in his or her home as "home incarceration" as opposed to "another form of incarceration." Section 4(a) of the home incarceration act *(W.Va.Code* 62–11B–4(a) (1994)) *(see infra* note 3 for text). Within the home incarceration act, the distinction between "home incar-

ceration" and other forms of "incarceration" is clear.

The probation statute *(W.Va.Code* 62–12–9(b) (1994)) *(see infra* pp. 388–389 for text) authorizing the imposition of a period of incarceration as a condition to probation, does not refer to home incarceration and uses a different term to refer to a period spent in a secured facility, namely "confinement in the county jail" and "confinement," and the meaning of this term is the subject this opinion.

**4.** Although in 1994, the Legislature amended the Home Incarceration Act by "redesignating references to the words 'confinement' and 'detention' as the word 'incarceration'" (Preamble, S.B. 263, 71st Leg., 2nd reg. Sess., 1994 W.Va.Laws Chapt. 41, p. 180), Michie's 1995 cumulative supplement for Volume 17, pp. 93–99, incorrectly continued to use the unamended title of the Home Incarceration Act, namely the "Home Confinement Act." *See also,* subsection 1, Short title, the home incarceration statute *(W.Va.Code* 62–11B–1 (1994)), stating that "[t]his article may be cited as the 'Home Incarceration Act'. [sic]"

offender's home for a period of home incarceration." Subsection 4(a), the home incarceration statute (*W.Va.Code* 62–11B–4(a) (1994)).[5] The term of home incarceration to which an offender may be sentenced is limited to the term of incarceration prescribed by other sections of the Code for the offense committed. Subsection 4(b) of the home incarceration statute (*W.Va.Code* 62–11B–4(b) (1994)) provides:

> The period of home incarceration may be continuous or intermittent, as the circuit court orders, or continuous except as provided by section five [§ 62–11B–5] of this article if ordered by a magistrate. However, the aggregate time actually spent in home incarceration may not exceed the term of imprisonment or incarceration prescribed by this code for the offense committed by the offender.

In the case at bar, the home incarceration statute allows the circuit court to sentence Ms. Lewis to spend "[a]t least one year ... [of her] confinement [which is] ... not subject to probation," in home incarceration under the shoplifting sentence statute (*W.Va.Code* 61–3A–3(c) (1994)) and subsection 4(a) of the home incarceration statute (*W.Va.Code* 62–11B–4(a) (1994)).[6] However, the time Ms. Lewis actually spends in home incarceration may not exceed the sentence prescribed by the Code, which in the case of third degree shoplifting is "not less than one year nor more than ten years." *See supra* note 1 for penalties for shoplifting, third offense.

In this case, the circuit court decided to impose a period of confinement as a condition to probation and therefore, the sentence is subject to the restrictions of the probation statute (*W.Va.Code* 62–12–9(b)(4) (1994)), thus a third Code provision must be considered. The probation statute limits the circuit court's authority to impose a period of confinement as a condition of probation to one-third of the minimum jail sentence; provided, such confinement does not exceed six months. Subsection 9(b) of the probation statute (*W.Va.Code* 62–12–9(b) (1994)) provides:

> In addition the court may impose, subject to modification at any time, any other conditions which it may deem advisable, including, but not limited to, any of the following:
>
> (1) That he shall make restitution or reparation, in whole or in part, immediately or within the period of probation, to any party injured by the crime for which he has been convicted.
>
> (2) That he shall pay any fine assessed and the costs of the proceeding in such installments as the court may direct.
>
> (3) That he shall make contribution from his earnings, in such sums as the court may direct, for the support of his dependents.
>
> (4) That he shall, in the discretion of the court, be required to serve a period of *confinement in the county jail* of the county in which he was convicted for a period not to exceed one third of the minimum

---

**5.** Subsection 4(a) of the home incarceration statute (*W.Va.Code* 62–11B–4(a) (1994)) provides:

> As a condition of probation or bail or as an alternative sentence to another form of incarceration for any criminal violation of this code over which a circuit court has jurisdiction, a circuit court may order an offender confined to the offender's home for a period of home incarceration. As an alternative sentence to incarceration in jail, a magistrate may order an adult offender convicted of any criminal violation under this code over which a magistrate court has jurisdiction, be confined to the offender's home for a period of electronically monitored home incarceration: Provided, That electronic monitoring may not be required in a specific case if a circuit court upon petition thereto finds by order that electronic monitoring is not necessary.

**6.** In 1994, section 6 of the home incarceration statute (*W.Va.Code* 62–11B–6) was amended and subsection (e) was added. Subsection (e) provides:

> Home incarceration shall not be available as a sentence if the language of a criminal statute expressly prohibits its application.

In addition to other minor revisions to the shoplifting sentence statute, in 1994, the Legislature added the provision to the shoplifting sentence statute, which provides that "an order for home detention ... may be used as an alternative sentence to the incarceration required by this subsection." *See* note 1 for the text of the shoplifting sentence statute (*W.Va.Code* 61–3A–3(c) (1994)).

sentence established by law or one third of the least possible period of *confinement* in an indeterminate sentence, but in no case shall such period of *confinement* exceed six consecutive months. The court shall have authority to sentence the defendant within such six-month period to intermittent periods of *confinement* including, but not limited to, weekends or holidays and may grant unto the defendant intermittent periods of release in order that he may work at his employment or for such other reasons or purposes as the court may deem appropriate: Provided, That the provisions of article eleven-a [§ 62–11A–1 et seq.] of this chapter shall not apply to such intermittent periods of *confinement* and release except to the extent that the court may direct. If a period of *confinement* is required as a condition of probation, the court shall make special findings that other conditions of probation are inadequate and that a period of *confinement* is necessary. [Emphasis added.]

In *State v. White*, 188 W.Va. 534, 425 S.E.2d 210 (1992), we refused to allow a sentence that included a condition of probation which exceeded the maximum time of incarceration allowed by the probation statute (*W.Va.Code* 62–12–9(b)(4) (1994)). Syl. pt. 4, *State v. White*, stated:

> In sentencing an offender, a court may either sentence the individual to a period of incarceration or place the individual on probation. If the court wishes to probate with a period of incarceration as a condition of that probation, West Virginia Code § 62–12–9(4) must be followed.

In *State v. Watters*, 191 W.Va. 551, 553, 447 S.E.2d 14, 16 (1994) (*per curiam*), we noted that the probation statute (*W.Va.Code* 62–12–9(b)(4)) is the "only mechanism through which the sentencing court can do both [sentence and probate an offender] under statute is by sentencing the offender to a period of incarceration as a condition of probation. [Footnote omitted.]" [7]

Ms. Lewis argues that home incarceration must be considered confinement under the probation statute (*W.Va.Code* 62–12–9(b)(4)) and that her sentence of a four-month confinement in the Southern Regional Jail plus an eight-month home incarceration exceeds one-third of the minimum sentence required for third offense shoplifting (one year). The essence of Ms. Lewis' argument is that she equates home incarceration with confinement under the probation statute.

However, when a statute does not directly address the option of home incarceration, we have considered home incarceration to be analogous to probation. In *State ex rel. Moomau v. Hamilton*, 184 W.Va. 251, 253, 400 S.E.2d 259, 261 (1990) (*per curiam*), we noted that the Home Incarceration Act contained several broad "exceptions which enable the offender to be away from actual home confinement. W.Va.Code, 62–11B–5(1) (Footnote omitted.)." These broad exceptions led us to conclude that "a person sentenced under this Act enjoys virtually the same freedom as a probationer." *Id.* Although section 5 of the home incarceration statute (*W.Va.Code* 62–11B–5 (1994)) was amended after *Moomau*, the exceptions to actual home incarceration remain unchanged and the freedom remains similar to that of a probationer.[8] In *Moomau*, we refused to

---

**7.** *See State v. White*, 188 W.Va. at 537 n. 5, 425 S.E.2d at 213 n. 5, noting that the incarceration and probation can also be achieved "by sentencing the defendant to a period of incarceration and subsequently granting a motion for reconsideration ... after" the appropriate portion of the sentence has been served and then "placing the defendant on probation with no additional incarceration."

**8.** Section 5 of the home incarceration statute (*W.Va.Code* 62–11B–5 (1994)) provides, in pertinent part:

> An order for home incarceration of an offender under section four [§ 63–11B–4] of this

article shall include, but not be limited to, the following:

> (1) A requirement that the offender be confined to the offender's home at all times except when the offender is:
>
> (A) Working at employment approved by the circuit court or magistrate, or traveling to or from approved employment;
>
> (B) Unemployed and seeking employment approved for the offender by the circuit court or magistrate;
>
> (C) Undergoing medical, psychiatric, mental health treatment, counseling or other treatment programs approved for the offender by the circuit court or magistrate;

allow consideration of home incarceration as an alternative sentence for DUI, third offense, because of the mandatory imprisonment requirement for DUI, third offense, found in *W.Va.Code* 17C–5–2(m). Thus *Moomau* concluded that home incarceration "is essentially analogous to probation." *Moomau*, 184 W.Va. at 254, 400 S.E.2d at 262 (Miller, J. dissenting). *See State v. Morris*, 187 W.Va. 737, 739, 421 S.E.2d 488, 490 (1992) (home incarceration "bears a close analogy to probation"). Although the Legislature has amended the DUI statute[9], our previous determination that home incarceration is essentially analogous to probation is still valid.[10]

In each case, our determination of how to classify home incarceration depended upon the statute under consideration.[11] In the present case, the probation statute (*W.Va.Code* 62–12–9 (1994)) is to be considered and section 9(b)(4) of the probation statute begins by stating that the circuit court can, as a condition for probation, require the offender "to serve a period of *confinement in the county jail.* [Emphasis added.]" The subsection of the probation statute then limits the period of "confinement" so that confinement will "not to exceed one third of the minimum sentence established by law or one third of the least possible period of confinement in an indeterminate sentence, but in no case shall *such period of confinement* exceed six months." (Emphasis added.) *See supra* pp. 388–389 for the complete text of section 9(b) of the probation statute (*W.Va.Code* 62–12–9(b) (1994)). This provision of the probation statute indicates that the Legislature intends to give the circuit court the option of requiring an offender to serve a period of "confinement in the county jail." The specific language of the probation statute refers to actual confinement in a secured facility and subsection 9(b)(4) of the probation statute limits the period of actual confinement in the county jail. The probation statute does not specifically include home incarceration within the meaning of "confinement in the county jail." *Inclusio unius est exclusio alterius.*[12] If the legislature had intended home incarceration to be subject to the "confinement" limitation of the probation statute, it would not have specifically referred to "confinement in the county jail."

Accordingly, we find under the probation statute (*W.Va.Code* 62–12–9(b) (1994)), home incarceration is not considered the same as actual confinement in a county jail. Therefore, the time spent in home incarceration does not necessarily count toward the one-third time of the minimum sentence, which

---

(D) Attending an educational institution or a program approved for the offender by the circuit court or magistrate;

(E) Attending a regularly scheduled religious service at a place of worship;

(F) Participating in a community work release or community service program approved for the offender by the circuit court, in circuit court cases; or

(G) Engaging in other activities specifically approved for the offender by the circuit court or magistrate.

9. *See W.Va.Code* 17C–5–2(o) (1995) ("home detention ... may be used as an alternative sentence to any period of incarceration required by this section"); *State v. Long*, 192 W.Va. 109, 110–11, 450 S.E.2d 806, 807–808 (1994) (approving home incarceration for DUI, second offense).

10. Home incarceration is subject to several general limitations. Section 6 of the home incarceration statute (*W.Va.Code* 62–11B–6 (1994)) specifies the circumstances when home incarceration may not be ordered and section 4(b) of the home incarceration statute (*W.Va.Code* 62–11B–4(b) (1994)) limits the home incarceration to the term of imprisonment specified for the offense committed. *See supra* p. 388 for the text of section 4(b) of the home incarceration statute (*W.Va.Code* 62–11B–4(b) (1994)).

11. We are not unmindful that in *State v. Long*, *supra* note 8, we recognized that the Legislature had included home incarceration as an alternative sentence for second offense driving under the influence. Because of this inclusion by the Legislature, we held that under *W.Va.Code* 17C–5–2(o) (1994) "home detention ... may be used as an alternative sentence to any period of incarceration required by this section." *State v. Long*, *supra* note 8, 192 W.Va. at 111 n. 7, 450 S.E.2d at 808 n. 7, *quoting W.Va.Code* 17C–5–2(o). Although *State v. Long* recognizes the "substantial restrictions on the offender" sentenced to home incarceration, *State v. Long*, did not deal with home incarceration *vis-à-vis* the probation statute, and therefore, *State v. Long* is distinguishable from the present case.

12. The inclusion of one is the exclusion of another. Black's Law Dictionary 687 (5th ed. 1979).

can be ordered under the probation statute as a condition for probation.

 Under the probation statute (*W.Va.Code* 62–12–9(b) (1994)), home incarceration is not considered the same as actual confinement in a county jail; rather, home incarceration in the context of the probation statute is essentially analogous to probation. *See State ex rel. Moomau v. Hamilton, supra; State v. Morris, supra.* Section 9(b) of the probation statute (*W.Va.Code* 62–12–9(b) (1994)) also allows a circuit court to "impose ... any other conditions which it may deem advisable, including, but not limited to" those listed therein. In sentencing Ms. Lewis, the circuit court determined that in addition to actual "confinement in the county jail," Ms. Lewis must also serve eight months home incarceration. This additional condition for probation is permitted under the probation statute (*W.Va.Code* 62–12–9(b) (1994)), and in this case, there was no argument that this portion of Ms. Lewis' sentence constituted an abuse of discretion.

In this case, we find that Ms. Lewis' home incarceration is essentially probation and therefore, the time she spends in home incarceration does not necessarily count toward the one-third time of the minimum sentence which can be ordered under the probation statute as a condition for probation. In certain circumstances, a circuit court, in its discretion, might order home incarceration as a condition for probation and not impose any "confinement in the county jail" and thereby bypass the confinement limitations of section 9(b)(4) of the probation statute (*W.Va.Code* 62–12–9(b)(4) (1994)). In the present case, the maximum amount of time Ms. Lewis could be required to spend in home incarceration was eight months. That eight-month period plus the four-month county jail sentence equals the one year minimum sentence for shoplifting, third offense. Any additional time in home incarceration would have violated section 4(b) of the home incarceration statute (*W.Va.Code* 62–11B–4(b) (1994)), which limits the time spent in home incarceration to the term prescribed for the offense.

Based on our consideration of the applicable statutes, we find that Ms. Lewis' sentence did not violate the provisions of section 9(b)(4) of the probation statute (*W.Va.Code* 62–12–9(b)(4) (1994)) and therefore, we affirm the decision of the Circuit Court of Mercer County.

Affirmed.

MILLER, Retired Justice, sitting by temporary assignment.

ALBRIGHT, J., did not participate.