424 S.E.2d 602

Mark **BARATH**, Appellant,

v.

**PERFORMANCE TRUCKING CO., INC.,** dba Cook Trucking Co.; David Cook, Sr., David Cook, Jr., R.L. Cook, individually, Defendants Below,

**Performance Trucking Co., Inc., dba Cook Trucking Co.; and David Cook, Sr., individual, Appellees.**

No. 20209.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 15, 1992.

Decided Nov. 25, 1992.

Perry D. McDaniel, Grant Crandall, Crandall & Pyles, Jane Moran, Charleston, for appellant.

No appearance for appellees.

PER CURIAM:

This is an appeal by Mark Barath from an order of the Circuit Court of Mingo County granting David Cook, Sr. and Performance Trucking Co., Inc., summary judgment in a battery action. On appeal, the appellant claims that there were genuine issues of material fact in the case at the time summary judgment was granted and that, under the circumstances, summary judgment was inappropriate. After reviewing the questions presented and the documents filed in this matter, this Court concludes that further development of the evidence is desirable to clarify the application of the law. Accordingly, the judgment of the circuit court is reversed and this case is remanded for further development.

On September 29, 1986, David Cook, Jr. severely battered the appellant in Matewan, West Virginia. The appellant suffered fractured ribs and a fracture of facial bones surrounding his left eye. Due to the injuries to his face, he was required to undergo reconstructive surgery.

The appellant subsequently filed a battery action against David Cook, Jr. in the Circuit Court of Mingo County. He also joined as defendants in the action David Cook, Jr.'s father, David Cook, Sr. and Performance Trucking Co., Inc., dba Cook Trucking Co., a company which the appellant claimed was owned and operated by the Cook family.

In joining David Cook, Sr. as a defendant, the appellant took the position that David Cook, Sr. had directed David Cook, Jr. to batter him. The appellant also claimed that Performance Trucking Company was liable for the actions of David Cook, Sr.

Following the institution of the action, David Cook, Sr. and Performance Trucking Co., Inc., moved for summary judgment on the ground that they had not been involved in the battery. In conjunction with the summary judgment motions, a number of documents were submitted.

The evidence which was submitted suggested that David Cook, Sr. was, at least tangentially, connected with or involved in the battery. Specifically, one affidavit indicated that David Cook, Jr., immediately prior to the battery, stated: "[M]y old man [David Cook, Sr.] told me the next time I saw you to kick your ass."

Further evidence dealt with the question of whether Performance Trucking Co., Inc., was in any way connected with the battery. That evidence showed that Performance Trucking Co., Inc., was owned and operated by the Cook family and was managed by David Cook, Sr. The company was apparently a successor to the Cook Trucking Co. The name "Cook Trucking" was listed on trucks of Performance Trucking Co., Inc.,

and on other equipment owned by the company.

Prior to the battery, there had been a strike which had had a detrimental impact on the business of Performance Trucking Co., Inc.

There was conflicting evidence as to whether David Cook, Jr., was an employee of Performance Trucking Co., Inc. Certain records suggested that he may have been on the payroll before September 12, 1986, but not after. On the other hand, immediately prior to the assault, David Cook, Jr., was apparently accompanied in his truck by Tommy Cottle, an employee of Performance Trucking Co., Inc., while making a delivery of mining equipment.

The appellant argues that, given the overall nature of the evidence in the case, there was a genuine issue of material fact as to whether David Cook, Jr. was acting at the encouragement of his father, David Cook, Sr., at the time of the battery. He claims that, under the circumstances, it was inappropriate for the trial court to grant David Cook, Sr. summary judgment. He also claims that, in effect, the evidence suggests that Performance Trucking Co., Inc., was another persona for the Cook family operations and that the evidence suggested that David Cook, Jr. was also acting in its behalf at the time of the battery.

■ In syllabus point 3 of *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963), this Court stated: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *See Lowery v. Raptis*, 174 W.Va. 736, 329 S.E.2d 102 (1985); *Karnell v. Nutting*, 166 W.Va. 269, 273 S.E.2d 93 (1980); *Consolidated Gas Supply Corp. v. Riley*, 161 W.Va. 782, 247 S.E.2d 712 (1978);

*Anderson v. Turner*, 155 W.Va. 283, 184 S.E.2d 304 (1971).

■ Recently, in *Courtney v. Courtney*, 186 W.Va. 597, 413 S.E.2d 418 (1991), this Court examined the circumstances which would allow a party to develop evidence relating to whether a third party was involved in the commission of a tort. The Court stated, in syllabus point 5, that:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself.

In that case, it was alleged that an individual who knew that another was subject to become abusive when he consumed alcohol supplied the individual with alcohol and drugs. As a consequence, the other party did become abusive and injured the plaintiffs. The question was raised whether the individual who supplied the alcohol and drugs should be considered a tortfeasor and, essentially, whether the case should have been presented to a jury. The Court concluded that the evidence was sufficient for the case to go to a jury. In conjunction with that ruling, the Court examined the provisions of Section 876(b) of the *Restatement (Second) of Torts* (1979), which provides:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he ... (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself.

The Court noted that Comment d to Section 876(b) of the *Restatement* identifies six criteria to be used in determining whether a person shall be liable for assisting or encouraging a tort. Those criteria are:

a. the nature of the act encouraged;

b. the amount of assistance given by the defendant;

c. the defendant's presence or absence at the time of the tort;

d. the defendant's relation to the other tortfeasor;

e. the defendant's state of mind; and

f. the foreseeability of the harm that occurred.

The Court, after examining these factors, adopted them and indicated that they should be used in analyzing joint-tortfeasor situations in West Virginia. The Court also pointed out that the factors were not necessarily exclusive.

In the present case, the appellant submitted evidence that immediately before the defendant, David Cook, Jr., committed the battery which gives rise to the action, David Cook, Jr. made a remark which indicated that David Cook, Sr. had, in effect, directed him to "beat" or batter the appellant.

While in this Court's view this evidence does not conclusively establish that David Cook, Sr. was a joint tortfeasor in the battery, it does suggest that David Cook, Sr. encouraged the battery. Further evidence suggested that David Cook, Sr. was David Cook, Jr.'s father, and it is rather clear that David Cook, Sr.'s remark was one of a type which would lead the ordinary man to conclude that David Cook, Sr. wanted David Cook, Jr. to commit the harm which ultimately ensued.

Under the circumstances of the evidence adduced in conjunction with the summary judgment motion, this Court believes that, at the very least, further development of the evidence is desirable to clarify the nature of David Cook, Sr.'s possible encouragement and/or assistance to David Cook, Jr. in the commission of the battery.

The question of whether the summary judgment against Performance Trucking Co., Inc., should be upheld presents, in this Court's view, a different problem.

The documents filed indicated that David Cook, Sr. was the manager of Performance Trucking Co. They also suggested that David Cook, Sr. had animosity toward the appellant because the appellant was apparently a union member and had apparently been involved in a strike which had had a detrimental impact on the business of Performance Trucking Co.

In the present proceeding, the appellant argues that the evidence suggests that the jury could have inferred from the evidence adduced that David Cook, Sr. had directed the assault against the appellant in retaliation for loss of business caused to Performance Trucking Co. for the actions of the appellant's union during the strike. The appellant further suggests that there was a factual issue as to whether David Cook, Jr. was the agent of Performance Trucking Co. at the time of the injury and whether Performance Trucking Co. should, in effect, be held liable for his actions.

The fundamental rule in West Virginia is that if it can be shown that an individual is an agent and if he is acting within the scope of his employment when he commits a tort, then the principal is liable for the tort as well as the agent. This rule, the rule of *respondeat superior*, is set forth in syllabus point 3 of *Musgrove v. Hickory Inn, Inc.*, 168 W.Va. 65, 281 S.E.2d 499 (1981), as follows:

> An agent or employee can be held personally liable for his own torts against third parties and this personal liability is independent of his agency or employee relationship. Of course, if he is acting within the scope of his employment, then his principal or employer may also be held liable.

*See also, O'Dell v. Universal Credit Co.*, 118 W.Va. 678, 191 S.E. 568 (1937); *Cremeans v. Maynard*, 162 W.Va. 74, 246 S.E.2d 253 (1978); *Griffith v. George Transfer & Rigging, Inc.*, 157 W.Va. 316, 201 S.E.2d 281 (1973); *Porter v. South Penn Coil Company*, 125 W.Va. 361, 24 S.E.2d 330 (1943).

It is obvious that in cases involving the question of the liability of the principal for the tortious acts of his agent, there are two questions: First, whether the alleged agent was, in fact, an agent at the time of the commission of the tort, and secondly, whether the tort was committed within the scope of employment.

The evidence in the present case showed that Performance Trucking Co. was formed in 1984 within one or two years of the date on which Cook Trucking Co., the sole proprietorship owned by David Cook, Sr., went out of business. The officers of Performance Trucking Co. were David Cook, Sr.'s sister and mother. All management decisions were made by David Cook, Sr. The evidence regarding whether David Cook, Jr. ever worked for Performance Trucking Co. was rather unclear. Affidavits submitted suggested that David Cook, Jr. was on the payroll of Performance Trucking Co. before September 12, 1986, but not after. On the other hand, there was evidence that on the day of the attack which gave rise to this cause of action, David Cook, Jr. travelled with Tommy Cottle, an employee of Performance Trucking Co., while making a delivery of mining equipment.

In this Court's view, this conflicting evidence suggests, but does not establish, that David Cook, Jr. might have been involved in the business of Performance Trucking Co., Inc., at the time of the battery.

As previously stated, for the doctrine of *respondeat superior* to apply, it must be shown not only that a tortfeasor was an agent of the principal, but that the tortfeasor was acting in the course of or scope of his employment at the time of the commission of the tort.

While the evidence on this point was exceedingly indirect, this Court believes that it did suggest that union unrest might have caused financial losses to Performance Trucking Co., Inc., that David Cook, Sr., as manager of the company, was aware of and felt the losses and had developed animosity toward the appellant, and as a consequence had directed his son to "beat" the appellant. Overall, it is suggested, but certainly not proven, that David Cook, Jr., who might have been an employee of Performance Trucking Co., Inc., at the time of the battery in this case, might have been acting within the scope of his employment at the time of the battery.

As previously stated, this Court has held that summary judgment should be granted only when inquiry concerning the facts is not desirable to clarify the application of the law. In this case, the facts were not sufficiently developed for the Court to determine what the situation was. Accordingly, this Court believes that the summary judgment entered by the circuit court should be set aside, and this case should be remanded for additional development.

The judgment of the Circuit Court of Mingo County, is, therefore, reversed, and this case is remanded for further development.

Reversed and remanded.