461 S.E.2d 473

**Melvin HOLSTEIN, Plaintiff Below, Appellant,**

v.

**NORANDEX, INC., and Michael Counts, Defendant Below, Appellees.**

**No. 22518.**

Supreme Court of Appeals of West Virginia.

Submitted May 10, 1995.

Decided July 17, 1995.

Mike Kelly, Charleston, for appellant.

Charles L. Woody, Niall A. Paul, Spilman, Thomas & Battle, Charleston, for appellees.

FOX, Judge:[1]

The appellant, Melvin Holstein, was sixty-three years of age when he was discharged from his employment as an inside salesperson with the appellee, Norandex, Inc., in Nitro, West Virginia. On 29 April 1991, appellee Michael Counts, the manager of Norandex's Nitro office, informed Holstein: "Mel ... I have some bad news for you ... Norandex has eliminated your job. They don't need you any longer." Norandex characterizes Holstein's firing as a "cost cutting measure," but Holstein argues the reason given for his discharge is merely a pretext for unlawful age discrimination. Holstein alleges a new and much younger employee was hired within months, thereby giving Norandex the same number of employees it had before he was fired.

On 9 September 1991, Holstein filed an administrative complaint with the West Virginia Human Rights Commission, in which he charged Norandex with unlawful age discrimination. Counts was not a named respondent, but was referred to in the complaint.

Holstein initiated a civil suit in the Circuit Court of Kanawha County, West Virginia, on 28 April 1993, and named both Norandex and Counts as defendants. The complaint alleged two causes of action: (1) that Norandex violated W.Va.Code § 5–11–9(1) by discriminating against Holstein in his employment because of his age; and (2) that Counts "... was responsible for plaintiff's discharge" and violated W.Va.Code § 5–11–9(7)(A) by aiding and abetting Norandex in an act of unlawful discrimination. Counts subsequently filed a motion to dismiss.

On 10 March 1994, an order was entered in the Circuit Court of Kanawha County which dismissed Counts as a party defendant, with prejudice. In dismissing the claim against Counts, the circuit court stated:

[T]he second cause of action alleged in Plaintiff's Complaint is not cognizable under the West Virginia Human Rights Act for several reasons: (i) Defendant Michael Counts is an employee and employees cannot be held liable under W.Va.Code § 5–11–9(7); (ii) there has been no allegation that Defendant Counts has engaged in any form of threats or reprisal or conspiracy of any nature, the "purpose" of which was to harass, degrade, embarrass, or cause physical harm, or economic loss or to "aid, abet," insight, compel, or coerce a "person" to engage in any of the unlawful discriminatory practices described in the West Virginia Human Rights Act; (iii) Defendant Norandex is an "employer" under the Act and thus excluded from the definition of a "person" as that term is used in the West Virginia Human Rights Act. Accordingly, Plaintiff's allegation that Defendant Counts, as an employee of Defendant Norandex, aided an[d] abetted Defendant Norandex in discriminatory practices does not meet the statutorily mandated element that Defendant Counts must have aided and abetted a "person".....

On 24 March 1994, Norandex removed the action to the United States District Court for the Southern District of West Virginia based upon the diversity of citizenship between the remaining parties. However, on 28 June 1994, Chief Judge Charles H. Haden II, granted the appellant's motion to remand to the Circuit Court of Kanawha County, finding that removal to federal court was improper.

The appellant filed this petition for appeal, along with the formal designation of the record, with the Circuit Court of Kanawha County on 8 July 1994.[2]

---

**1.** Pursuant to an administrative order entered by this Court on 18 November 1994, the Honorable Fred L. Fox, II, Judge of the Sixteenth Judicial Circuit, was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing 1 January 1995 and continuing through 31 March 1995, because of the physical incapacity of Justice W.T. Brotherton, Jr. On 14 February 1995 a subsequent administrative order extended this assignment until further order of said Court.

**2.** The appellee contends that this appeal should be dismissed because the appellant failed to comply with Rule 73(a) of the West Virginia Rules of Civil Procedure and, more specifically, the appellant did not designate the record within thirty days of the lower court's dismissal of defendant Counts. We disagree for several reasons. First, the appellant did, in fact, comply with Rule 73(a) by filing his designation within the first thirty days available when he could lawfully file it in state court without violating 28 U.S.C. § 1446(d),

The appellant now argues the Circuit Court of Kanawha County erred by dismissing Michael Counts as a defendant and holding that the complaint did not state a cause of action against him for violation of W.Va. Code § 5–11–9(7)(A), which prohibits a "person" from aiding and abetting an unlawful act of discrimination.

The appellant further argues that the plain language of the West Virginia Human Rights Act clearly inculpates supervisors, such as Counts, who participate in, approve of, sanction or ratify discriminatory acts, and that his complaint sufficiently alleges that Counts aided and abetted Norandex in carrying out an act of unlawful discrimination.

The West Virginia Human Rights Act (HRA) provides that it is unlawful "[f]or any *employer* to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment...." W.Va.Code § 5–11–9(1) (1994). "Employer" is defined in W.Va.Code § 5–11–3(d) (1994) as meaning "the state, or any political subdivision thereof, and any person employing twelve or more persons within the state...." The term "discriminate" or "discrimination" means "to exclude from, or fail or refuse to extend to, a person equal opportunities because of ... age...." W.Va.Code § 5–11–3(h) (1994).

The HRA permits a cause of action against individuals who aid or abet an unlawful discriminatory act. West Virginia Code § 5–11–9(7) (1994) states that:

It shall be an unlawful discriminatory practice ...:

(7) For *any person*, employer, employment agency, labor organization, owner, real estate broker, real estate salesman or financial institution to:

(A) Engage in any form of threats or reprisal, or to engage in, or hire, or conspire with others to commit acts or activities of any nature, the purpose of which is to harass, degrade, embarrass or cause physical harm or economic loss *or to aid, abet,* incite, compel or coerce *any person to engage in any of the unlawful discriminatory practices* defined in this section. (Emphasis added.)

"Person" as defined in the HRA means "one or more individuals, partnerships, associations, organizations, corporations, labor organizations, cooperatives, legal representatives, trustees, trustees in bankruptcy, receivers and other organized groups of persons;...." W.Va.Code § 5–11–3(a) (1994).

The appellee asks this Court to adopt the somewhat novel and, in our opinion, erroneous, reading of W.Va.Code § 5–11–9(7)(A) which was adopted by the circuit court. That is, the word "person" under this section shall be construed to *exclude* Michael Counts because, as an employee he cannot be a "person," and to exclude Norandex, Inc., because, as an employer it cannot be a "person." In support of this interpretation, the appellee argues that the failure to include the terms "employee" and "employer" within the definition of "person" in W.Va.Code § 5–11–3(a) demonstrates a legislative intent to exclude employees as potential defendants and to exclude employers as potential recipients of aid and abetment in actions brought under the HRA.

■ We cannot adopt this interpretation. The appellee cites no authority or legislative history in support of this "legislative intent" he urges. More importantly, the appellee's proposed interpretation clearly contradicts the explicit definition of "person" set forth in W.Va.Code § 5–11–3(a), wherein it is stated that the term "person" shall include "one or more individuals [in this case, Counts] ... [and] corporations [in this case, Norandex]." And finally, we are not unmindful that W.Va. Code § 5–11–15 (1994) emphasizes that the HRA "shall be liberally construed to accom-

---

which provides that, upon removal of a state court civil action to federal court, "... the state court shall proceed no further unless and until the case is remanded." Second, assuming, arguendo, that 28 U.S.C. § 1446(d) is not applicable, the alleged failure to comply with Rule 73(a) is harmless, and appellees have shown no actual prejudice affecting their substantial rights. Fi-

nally, dismissal of this appeal for failure to timely designate the record, under these circumstances, would be a classic example of placing form over substance, a procedure historically criticized and routinely rejected by this Court. *See, e.g., Talkington v. Barnhart,* 164 W.Va. 488, 264 S.E.2d 450 (1980).

plish its objectives and purposes."[3]  Fundamental rules of statutory construction dictate that:

" ' " ' 'A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent therewith.' Syllabus Point 5, *State v. Snyder,* 64 W.Va. 659, 63 S.E. 385 (1908)" ' Syl.Pt. 1, *State ex rel. Simpkins v. Harvey,* [172] W.Va. [312], 305 S.E.2d 268 (1983).' Syl.Pt. 3, *Shell v. Bechtold,* 175 W.Va. 792, 338 S.E.2d 393 (1985)." Syl.Pt. 1, *State v. White,* 188 W.Va. 534, 425 S.E.2d 210 (1992).

Syl. Pt. 7, *State ex rel. Goff v. Merrifield,* 191 W.Va. 473, 446 S.E.2d 695 (1994).

■ With this in mind, we hereby rule that the term "person," as defined and utilized within the context of the West Virginia Human Rights Act, includes both employees and employers. Indeed, any contrary interpretation, which might have the effect of barring suits by employees against their supervisors, would be counter to the plain meaning of the statutory language and contrary to the very spirit and purpose of this particular legislation.

■ We hasten to point out that our interpretation of these statutory provisions in the HRA does not conflict with existing law, which recognizes that both an agent and his principal are liable for the agent's wrongful acts committed in furtherance of the principal's business.  For example, in syllabus point 3 of *Barath v. Performance Trucking Co., Inc.,* 188 W.Va. 367, 424 S.E.2d 602 (1992), we reiterated:

"An agent or employee can be held personally liable for his own torts against third parties and this personal liability is independent of his agency or employee relationship.  Of course, if he is acting within the scope of his employment, then his principal or employer may also be held liable."  Syllabus point 3, *Musgrove v. Hickory Inn, Inc.,* 168 W.Va. 65, 281 S.E.2d 499 (1981).

Facts similar to those now before us were presented in *Marshall v. Manville Sales Corp.,* 6 F.3d 229 (4th Cir.1993).  In that case, Mildred Marshall filed suit against her former employer, Manville, and Robert Manson, Manville's plant manager, alleging sex and age discrimination.  Manville subsequently removed the suit to federal court, stating that Marshall had fraudulently joined Mason, a West Virginia resident, in order to avoid diversity jurisdiction.  The district court subsequently dismissed Mason from the suit because he was not Marshall's employer.  *Id.* at 230.

On appeal, Marshall argued she had a valid cause of action against Mason under West Virginia law, while Manville maintained that Mason was fraudulently joined because he could not possibly be viewed as an "employer" under W.Va.Code § 5–11–9(a)(1), which prohibits "any employer" from discriminating against an individual regarding wages and other conditions of employment.  *Id.* at 232.  The Fourth Circuit Court of Appeals stated:

---

**3.** The declaration of policy at W.Va.Code § 5–11–2 (1994) explains the objectives and purposes of the HRA:

It is the public policy of the state of West Virginia to provide all of its citizens equal opportunity for employment, equal access to places of public accommodations, and equal opportunity in the sale, purchase, lease, rental and financing of housing accommodations or real property.  Equal opportunity in the areas of employment and public accommodations is hereby declared to be a human right or civil right of all persons without regard to race, religion, color, national origin, ancestry, sex, age, blindness or handicap.  Equal opportunity in housing accommodations or real property is hereby declared to be a human right or civil right of all persons without regard to race, religion, color, national origin, ancestry, sex, blindness, handicap, or familial status.

The denial of these rights to properly qualified persons by reason of race, religion, color, national origin, ancestry, sex, age, blindness, handicap, or familial status is contrary to the principles of freedom and equality of opportunity and is destructive to a free and democratic society.

Manville's argument overlooks Marshall's cause of action against Mason as a person. As the district court noted, Marshall also sought relief under another section of the Human Rights Act which provides that it is an unlawful discriminatory practice

> for any person ... to: (A) engage in any form of threats or reprisals, or engage in, or hire, or conspire with others to commit acts or activities of any nature, the purpose of which is to harass, degrade, embarrass, or cause physical harm or economic loss or to aid, abet, incite, compel or coerce any person to engage in any of the unlawful discriminatory practices defined in this section
> ....

W.Va.Code § 5–11–9(a)(9) (current version at W.Va.Code § 5–11–9(a)(7) (1992). This section does not limit the potential defendants to employers as defined by the West Virginia Code. *Under this section Mason can be held liable for his discriminatory actions as a person.* (Emphasis added.)

■ For the reasons set forth herein, we find that a cause of action may be maintained by a plaintiff employee as against another employee under the West Virginia Human Rights Act. Further, the cause of action may properly be based upon an allegation that the defendant employee aided or abetted an employer engaging in unlawful discriminatory practices.

The 10 March 1994 order of the Circuit Court of Kanawha County is reversed, and this case is remanded for proceedings consistent with this opinion.

Reversed and remanded.

BROTHERTON, J., and RECHT, Judge, did not participate.

· MILLER, Retired J., and FOX, Judge, sitting by temporary assignment.