**FILED**
**June 11, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 19-1007 – *Diana Boone v. Activate Healthcare, LLC*

Wooton, Justice, dissenting, and joined by Justice Hutchison:

In what is becoming a disturbing trend in this Court's recent jurisprudence, yet another case is being jettisoned at the initial pleading stage on the ground that the complaint fails to state a cause of action. In this case, petitioner Diana Boone's complaint alleged that respondent Activate Healthcare, LLC's ("Activate") actions constituted aiding and abetting in the unlawful discriminatory practices of Ms. Boone's employer, Constellium Rolled Products Ravenswood, LLC ("Constellium"). Aiding and abetting a human rights violation is a well-established statutory cause of action that has been recognized by this Court. *See Holstein v. Norandex, Inc.*, 194 W. Va. 727, 732, 461 S.E.2d 473, 478 (1995) (cause of action under West Virginia Code § 5-11-9 may be maintained against a co-employee "based upon an allegation that the . . . employee aided or abetted an employer engaging in unlawful discriminatory practices."); *see also Michael v. Appalachian Heating, LLC*, 226 W. Va. 394, 401, 701 S.E.2d 116, 123 (2010) ("W. Va. Code § 5-11-9(7)(A) (1998) (2006) of the West Virginia Human Rights Act establishes three distinct causes of action. More specifically, pursuant to W. Va. Code § 5-11-9(7)(A), unless based upon a bona fide occupational qualification, or except where based upon applicable security regulations established by the United States or the state of West Virginia or its agencies or political subdivisions, it is an unlawful discriminatory practice for any person, employer, employment agency, labor organization, owner, real estate broker, real estate salesman or financial institution to: . . . (3) aid, abet, incite, compel or

coerce any person to engage in any of the unlawful discriminatory practices defined in W. Va. Code § 5–11–9.").

However, until today we have never had occasion to discuss the elements of the cause of action, or what types of evidence might be necessary to prove a claim. Nonetheless, the majority – ready to dispose of the instant matter without giving petitioner the opportunity to send a single interrogatory, request a single document, or take a single deposition – has decided at the initial pleading stage of the case that "[we] know it when [we] see it, and the [circumstances] involved in this case [are] not that." *Jacobellis v. Ohio*, 378 U.S. 184, 197 (1964) (Stewart, J., concurring).

Reasoning backward, the majority has now defined "it" as the language set forth in the Restatement of Torts (Second) § 876(b) (Am. L. Inst. 1979): "[O]ne is subject to liability if he . . . knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself[.]" *See Larry v. Marion Cnty. Coal Co*., 302 F. Supp. 3d 763, 776-77 (N.D. W. Va. 2018). I have no quarrel with the majority's adoption of this legal standard for aiding and abetting claims; as noted, this Court has previously adopted the same standard in an analogous context. *See Courtney v. Courtney*, 186 W. Va. 597, 602-03, 413 S.E.2d 418, 423-24 (1991) (applying Restatement standard to cause of action for infliction of severe emotional distress in the absence of physical injury). However, I vehemently object to the application of a standard

that was announced today to a complaint that was filed almost three years ago. Whether intended or not, this action by the majority smacks of result-driven jurisprudence.

It is becoming increasingly clear that any attorney who relies on the unambiguous language of Rule 8 of the West Virginia Rules of Civil Procedure, which provides in relevant part that the complaint "shall contain (1) a *short and plain statement of the claim* showing that the pleader is entitled to relief," does so at his or her peril. (Emphasis added). This case aptly illustrates the point: petitioner's nine-page complaint, containing forty-two paragraphs and eight appended exhibits, has been deemed insufficient to satisfy "the principle that a plaintiff pleading a claim for relief need only give general notice as to the nature of his or her claim." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.,* __ W. Va. __, __, 854 S.E.2d 870, 883 (2020); *see also Roth v. DeFeliceCare, Inc.*, 226 W. Va. 214, 220 n.4, 700 S.E.2d 183, 189 n.4 (2010) (under West Virginia law, when measuring the sufficiency of a complaint, "all that is required by a plaintiff is 'fair notice.'") (citation omitted); *Cantley v. Lincoln Cnty. Comm'n,* 221 W.Va. 468, 470, 655 S.E.2d 490, 492 (2007) ("A trial court considering a motion to dismiss under Rule 12(b)(6) must liberally construe the complaint so as to do substantial justice.").[1] Further, on numerous occasions we have counselled that motions to dismiss under Rule 12(b)(6) are looked upon with disfavor and should rarely be granted. *Forshey v. Jackson*,

---

[1] This guideline for the judicial construction of pleadings is set forth in Rule 8(f) of the West Virginia Rules of Civil Procedure, which explicitly requires that "[a]ll pleadings shall be so construed as to do substantial justice."

3

222 W. Va. 743, 749, 671 S.E.2d 748, 754 (2008); *Ewing v. Bd. of Educ. of Cnty. of Summers*, 202 W. Va. 228, 235, 503 S.E.2d 541, 548 (1998); *John W. Lodge Distrib. Co., Inc. v. Texaco, Inc.,* 161 W.Va. 603, 605–06, 245 S.E.2d 157, 159 (1978).

With these precedents to guide our resolution of this case, I cannot agree that petitioner's first amended complaint failed to give Activate fair notice of the substance of her claim. Petitioner alleged that when she sought to be excused from training on overhead cranes based on "a previous experience she had had in the cab[,]" she provided her employer a note from her private physician regarding a necessary workplace accommodation. Constellium refused to take the note, instead instructing petitioner to submit the note to Activate, which operated a medical facility at the Constellium site. Thereafter, according to petitioner, Activate repeatedly refused to consult with her, refused to accept documentation, misinterpreted or disregarded the accommodation proposed by the private physician, and prepared a Physical Capacities Report ("PCR") for submission to Constellium that resulted in the company's refusal to offer petitioner *any* work. Further, when petitioner went back to Activate seeking a corrected PCR, Activate again refused to consult with her and prepared a second document that was still an inaccurate representation of the accommodation petitioner sought and needed. Petitioner alleges that throughout this process, Activate and Constellium consulted and interacted with each other, and that

Activate framed the PCR documents to aid and abet Constellium's plan to discriminatorily[2] remove petitioner from her position.

It is instructive to review a case from the United States District Court for the Northern District of West Virginia, *McClain v. Applebee's of Va., Inc.*, No. 3:10-CV-117, 2010 WL 5464236 (N.D. W. Va. Dec. 30, 2010), where the court reviewed plaintiff's allegation of aiding and abetting workplace discrimination and harassment in the context of ruling on competing motions, plaintiff's motion to remand and defendant's motion to dismiss.[3] Rather than meanly parsing the words of the plaintiff's complaint, the court gave them a generous construction consistent with the "basic policy . . . that cases should be decided on their merits," *State ex rel. United Mine Workers of Am., Loc. Union 1938 v. Waters*, 200 W. Va. 289, 298, 489 S.E.2d 266, 275 (1997). The court wrote that "the plaintiff has a possibility of a right to relief[,]" and that "discovery could reveal that [defendant] 'aided and abetted' a person having discharge authority to discharge the plaintiff as 'reprisal' for her reports to him of racial and sexual harassment." *McClain*, 2010 WL 5464236, at *4. Further,

---

[2] Petitioner alleged that she was qualified to perform the duties of her job, and that male employees with identical restrictions to petitioner's were accommodated by Constellium.

[3] The two motions were intertwined in *McClain*, as the inclusion of the particular defendant in the complaint, on charges of conspiring with and/or aiding and abetting workplace discrimination, would defeat a claim of fraudulent joinder of a non-diverse party and thus compel remand.

> [a]nother possible cause of action could arise from the manner in which [defendant] handled the plaintiff's reports of racial and sexual harassment. By either advising the plaintiff to ignore the harassment or failing to respond at all, [defendant] could be found to have 'aided and abetted' a hostile environment of racial or sexual harassment.

*Id.* Finally, the court concluded that "[e]ach of these possible causes of action represent a glimmer of hope for the plaintiff to obtain relief against [defendant]," *id.* at *5, which is dispositive in a fraudulent joinder inquiry.

Although I do not advocate for this Court's adoption of the "glimmer of hope" test in reviewing a motion to dismiss for failure to state a cause of action, it is far closer to the letter and spirit of Rule 8(f) and our case law than is the heightened pleading standard which the majority is slowly but surely releasing from its prior constraints.[4] Additionally, the majority seems impervious to the reality of litigation filed by an individual against a governmental unit, a business, or some other organization: at the time a lawsuit is instituted, a plaintiff has no access to the documentation and other evidence in the possession of the defendant that may very well prove his or her case. That is why our rules permit notice pleading, to give the defendant fair notice of the substance of the claim, followed by discovery, to give the plaintiff a fair chance to prove the allegations in the complaint. *Cf. Doe v. Logan Cnty. Bd. of Educ.*, 242 W. Va. 45, 50, 829 S.E.2d 45, 50 (2019) (allowing

---

[4] For at least twenty-five years, this Court has required heightened pleadings only in cases "where immunities are implicated." *W. Va. State Police, Dep't of Mil. Affs. and Pub. Safety v. J.H.*, __ W. Va. __, __, 856 S.E.2d 679, 695-96 (2021) (citations omitted); *Hutchison v. City of Huntington*, 198 W. Va. 139, 149-50, 479 S.E.2d 649, 659-60 (1996).

plaintiff to go forward with discovery notwithstanding that "the Complaint is not a model of jurisprudential craftsmanship." In the instant case, it is pure sophistry for Activate to claim that the complaint doesn't give fair notice of the gist of petitioner's aiding and abetting claim. Further, it is simply unfair to dismiss petitioner's case before she has had any opportunity to see what evidence might come to light during discovery, to prove her allegations of collusion between Activate and Constellium.

All this being said, petitioner's case against Activate does not appear to be a strong one and might not survive a motion for summary judgment. Nonetheless, we have held that "'[t]he trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief (citation omitted).' Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.,* 160 W.Va. 530, 236 S.E.2d 207 (1977)." Syl. Pt. 2, *Sedlock v. Moyle*, 222 W. Va. 547, 668 S.E.2d 176 (2008). Reviewing the allegations in petitioner's first amended complaint, together with the exhibits and the inferences which could reasonably be drawn therefrom,[5] it simply cannot be deemed beyond doubt, as a matter of law, that petitioner could not prove any set of facts sufficient to make this claim a jury issue. To the contrary, petitioner has pleaded a viable cause of

---

[5] Handwritten notations on the PCR forms appear to show communication between Activate and Constellium, at a time when petitioner alleges that neither entity would speak to her.

action and should be given a fair chance to do discovery and prove her aiding and abetting claim against Activate.

Because petitioner has been deprived of that fair chance, I respectfully dissent. I am authorized to state that Justice Hutchison joins in this dissenting opinion.