Judge FRED RISOVICH II, sitting by temporary assignment.

526 S.E.2d 831

**The BOARD OF EDUCATION OF the COUNTY OF MERCER, Petitioner below, Appellee,**

v.

**Patricia OWENSBY, Respondent below, Appellant.**

No. 25978.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 19, 1999.

Decided Dec. 13, 1999.

Kathryn Reed Bayless, Esq., Bayless & McFadden, L.L.P., Princeton, West Virginia, Attorney for Appellee.

William B. McGinley, Esq., Charleston, West Virginia, Attorney for Appellant.

STARCHER, Chief Justice:

The appellant, Patricia Owensby ("Owensby"), appeals the September 24, 1998 order of the Circuit Court of Mercer County wherein the court reversed an earlier decision of an administrative law judge ("ALJ") of the West Virginia Education and State Employees Grievance Board ("Grievance Board"). The ALJ ruled that the Mercer County Board of Education ("BOE") improperly denied a teaching position to Owensby and directed the BOE to place Owensby in the teaching position with back pay and benefits.

Owensby contends that the circuit court erred in reversing the ALJ, arguing that she is entitled to the teaching position because of the preference granted to those on the preferred recall list pursuant to *W.Va.Code*, 18A–4–7a [1993] and 18A–2–2 [1990].

Following our review of the matter, we find that the circuit court erred and we reverse the court's decision.

## I.

### Facts & Background

The facts of this case are undisputed. Owensby is a former full-time teacher for the BOE and previously taught Math to grades 5–12 in the Mercer County school system. As a result of a reduction in force, in 1995 Owensby was placed on the preferred recall list pursuant to *W.Va.Code*, 18A–2–2 [1990].[1]

On August 22, 1996, the BOE posted a position for a full-time itinerant math teacher. The position required a teaching certificate with an endorsement in mathematics, grades 7–12, 9–12 or 5–12. Owensby, who met these qualifications, applied for the position. She was the most senior employee on the preferred recall list. Thirteen people applied for the position, with at least one applicant who was a regular full-time teacher employed by the BOE. The other applicants included several teachers from the preferred recall list, and at least one applicant who was neither a present nor a past employee of the BOE.

The BOE assessed all of the applicants by applying the second set of criteria set forth in *W.Va.Code*, 18A–4–7a [1993].[2] The BOE concluded that an applicant—one who had never been employed by the BOE as a full-time teacher—was the most qualified candidate.

1. *W.Va.Code*, 18A–2–2 [1990] provides in pertinent part:

   [I]n case of ... [dismissals pursuant to a reduction in force], the teachers so dismissed shall be placed upon a preferred list in the order of their length of service with that board, and no teacher shall be employed by the board until each qualified teacher upon the preferred list, in order, shall have been offered the opportunity for reemployment in a position for which they are qualified[.]

2. *W.Va.Code*, 18A–4–7a [1993] provides, in pertinent part:

   If one or more permanently employed instructional personnel apply for a classroom teaching position and meet the standards set forth in the job posting, the county board of education

Owensby filed a grievance pursuant to *W.Va.Code*, 18–29–1 *et seq.*, contending that as a qualified candidate on the preferred recall list, she had preference over a nonemployee. The grievance was denied at Levels I through III, but was granted at Level IV by the administrative law judge of the Grievance Board. The BOE appealed the decision of the ALJ to the Circuit Court of Mercer County. On September 24, 1998, the circuit court judge reversed the ALJ's decision. Owensby then appealed to this Court.

## III.

### Discussion

■ On appeal, Owensby asks us to reverse the decision of the circuit court, and to grant her the contested position. We have previously held that "[w]here the issue on appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

This case requires us to consider two statutory sections, both relating to the employment of teachers. The BOE contends that when a teaching position is to be filled, and permanent employees, former employees on the preferred recall list, and nonemployees apply for the position, the BOE need only apply the hiring criteria set forth in the first paragraph of *W.Va.Code*, 18A–4–7a [1993].[3]

shall make decisions affecting the filling of such positions· on the basis of the following criteria: Appropriate certification and/or licensure; total amount of teaching experience; the existence of teaching experience in the required certification area; specialized training directly related to the performance of the job as stated in the job description; receiving an overall rating of satisfactory in evaluations over the previous two years; and seniority. Consideration shall be given to each criterion with each criterion being given equal weight. If the applicant with the most seniority is not selected for the position, upon the request of the applicant a written statement of reasons shall be given to the applicant with suggestions for improving the applicant's qualifications.

3. *See supra* note 14.

Conversely, Owensby asserts that *W.Va. Code,* 18A–4–7a [1993] must be read in conjunction with 18A–2–2 [1990], giving a teacher on the preferred recall list preference over a nonemployee.

■ Both *W.Va.Code,* 18A–4–7a [1993] and 18A–2–2 [1990] relate to the employment of teachers.[4] We have stated that "[s]tatutes which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments." Syllabus Point 3, *Smith v. State Workmen's Compensation Comm'r,* 159 W.Va. 108, 219 S.E.2d 361 (1975).

The BOE does not deny that both statutes must be read together. Rather, the BOE contends that because *W.Va.Code,* 18A–4–7a [1993] was enacted after *W.Va.Code,* 18–2–2 [1990], deference should be given to the most recent statute.

Concerning closely related statutes enacted at different times, we have stated that:

> Statutes relating to the same subject matter, whether enacted at the same time or at different times, and regardless of whether the later statute refers to the former statute, are to be read and applied together as a single statute the parts of which had been enacted at the same time.

Syllabus Point 1, *Owens–Illinois Glass Co. v. Battle,* 151 W.Va. 655, 154 S.E.2d 854 (1967).

■ In such a case, no preference is given to one statute over the other—rather, they are read together. As we stated in Syllabus Point 5, *State v. Snyder,* 64 W.Va. 659, 63 S.E. 385 (1908):

> A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; ·it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid

in the effectuation of the general purpose and design thereof, if its terms are consistent therewith.

*(Accord* Syllabus Point 1, *State ex rel. Simpkins v. Harvey,* 172 W.Va. 312, 305 S.E.2d 268 (1983); Syllabus Point 1, *State v. White,* 188 W.Va. 534, 425 S.E.2d 210 (1992); Syllabus Point 7, *Ewing v. Board of Education of the County of Summers,* 202 W.Va. 228, 503 S.E.2d 541 (1998)).

The BOE asserts that under *Ewing v. Board of Education of the County of Summers,* 202 W.Va. 228, 503 S.E.2d 541 (1998), once it is determined that there are applications for a teaching position from permanent employees, former employees on the preferred recall list, and nonemployees, a hiring board of education need do nothing more than utilize the second set of hiring criteria set forth in *W.Va.Code,* 18A–4–7a [1993]. The BOE contends that once these hiring criteria are examined, no other statutes are applicable.

In *Ewing* we stated that:

> Where the candidates for a classroom teaching position include both permanent employees of the hiring board of education and nonemployees and/or former employees on the preferred recall list, the second set of hiring criteria contained in the first paragraph of W.Va.Code § 18A–4–7a (1993) (Repl.Vol.1997) should be utilized in selecting the most qualified applicant to fill the vacant position.

Syllabus Point 9, in part, *Ewing, supra.*

■ In *Ewing,* the school board hired a teacher on the preferred recall list passing over two teachers who were, at the time the position was posted, permanent employees. One of the permanent employees filed a grievance, arguing that permanent employees should be given preference over those on the preferred recall list. We held that no such preference need be given, and that the hiring board correctly utilized the hiring criteria set forth in *W.Va.Code,* 18A–4–7a [1993]. Therefore, as between permanent

---

4. *W.Va.Code,* 18A–4–7a [1993] is titled "Employment, promotion and transfer of professional personnel; seniority." *W.Va.Code,* 18A–2–2 [1990] is titled "Employment of teachers; contracts; continuing contract status; how terminated; dismissal for lack of need; released time; failure of teacher to perform contract or violation thereof."

employees and former employees on the preferred recall list, a hiring board is not bound to prefer one over the other—provided the board utilizes the hiring criteria contained in *W.Va.Code*, 18A–4–7a [1993].

In the present case, neither a permanent employee nor a teacher on the preferred recall list was hired. Instead, the BOE hired an applicant who was a nonemployee. In *Ewing* we did not apply *W.Va.Code*, 18A–2–2 [1990] as we must in this case. In this case the challenge is between an applicant from the preferred recall list and a nonemployee.

The pertinent section of *W.Va.Code*, 18A–2–2 [1990] outlines the procedures for placing teaching employees on the preferred recall list once they have been laid off due to a reduction in force. The Legislature, realizing that such reductions do occur, provided a mechanism to rehire laid off teachers on a *preferred* basis. The statute states that once a teacher is dismissed "based on [a] lack of need," the teacher "shall be placed upon a preferred list in the order of their length of service with that board, and *no teacher shall be employed* by the board until each qualified teacher upon the preferred list, in order, shall be have been offered the opportunity for reemployment in a position for which they are qualified[.]" *Id.* (Emphasis added.)

The language of *W.Va.Code*, 18A–2–2 [1990] is clear and unambiguous. If a hiring board could hire an applicant who is neither a full time employee of the hiring board nor on the preferred recall list, when there are teachers on the preferred recall list who possess the proper qualifications for the position, then the statutes establishing the preferred recall list would be meaningless.

In order to give meaning and effect to *W.Va.Code*, 18A–2–2 [1990], we hold that where the candidates for a classroom teaching position include permanent employees of the hiring board of education, former employees who are on the preferred recall list, and nonemployees, the second set of hiring criteria contained in the first paragraph of *W.Va.Code*, 18A–4–7a [1993] should be utilized in selecting the most qualified applicant to fill the vacant position. However, no nonemployee shall be employed for a teaching position by a hiring board of education until each qualified permanent employee applicant and each qualified teacher on the preferred recall list shall have been offered the opportunity for reemployment in a position for which they are qualified pursuant to *W.Va. Code*, 18A–2–2 [1990].

Applying both statutes to the case before us, we find that the circuit court erred and we therefore reverse.

### III.

#### *Conclusion*

For the foregoing reasons, the September 24, 1998 order of the Circuit Court of Mercer County is reversed and this case is remanded with instructions that the circuit court direct the Mercer County Board of Education to place the appellant in the position in question with back pay and benefits.

Reversed and Remanded.

Judge JOHN S. HRKO, sitting by special assignment.

Justice SCOTT did not participate in the decision of the Court.