# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **A.H., M.H., & R.F.**

**No. 15-0675 & 15-0676** (Monroe County 13-JA-12, 13-JA-13, & 13-JA-14)

**FILED**

November 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father R.H., by counsel Douglas H. Arbuckle, and Petitioner Mother B.H., by counsel Paul S. Detch, appeal the Circuit Court of Monroe County's June 8, 2015, order terminating their parental rights to A.H., M.H., and R.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Alexander Walters, filed its response in support of the circuit court's order. The guardians ad litem, Sherri R. Gunnoe and Richard M. Gunnoe, filed a response on behalf of the children. On appeal, petitioners allege that the circuit court erred in denying the motion to disqualify the prosecuting attorney from further representing the DHHR, denying the motion to dismiss the proceedings, accepting the dispositional order late, allegedly back-dating the entry of the dispositional order, and that the prosecuting attorney committed prosecutorial misconduct for submitting orders to the circuit court containing the finding that the DHHR made reasonable efforts to reunify the family.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2013, the DHHR filed an abuse and neglect petition against petitioners, the adoptive parents of the children herein. Petitioners are the biological grandparents of A.H. and M.H. R.F. is a half-sibling to A.H. and M.H. and is not biologically related to petitioners. In 2009, the children's parents' parental rights were terminated as a result of domestic violence in the home. Additionally, R.F. made allegations of sexual abuse by L.H., the biological father of A.H. and M.H. and the adult son of petitioners herein. Following the termination of the parents' parental rights, petitioners to this matter adopted all three children. Prior to the adoption,

---

[1] By order entered on September 9, 2015, the Court granted Petitioner Mother's motion to consolidate these cases for purposes of briefing, consideration, and decision.

[2] We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

petitioners were required to take PRIDE training to become foster parents. Following the adoption, petitioners were involved in several Child Protective Services ("CPS") investigations involving Petitioner Mother using an object to administer corporal punishment on R.F. and leaving bruises on the child, and upon allegations that petitioners' son, L.H., was residing in the home despite his parental rights to the children being terminated and the allegations of sexual abuse against R.F.

According to the instant petition, Petitioner Mother physically disciplined R.F. and caused multiple bruises to the child. The petition further alleged that Petitioner Father assisted in this discipline by obtaining a switch from a tree for the mother to use on the child. Upon an investigation, petitioners admitted to obtaining a switch and striking the child on his back. As a result of this conduct, petitioners later faced criminal charges. The petition further alleged that the other children in the home witnessed the physical abuse to R.F. and that petitioners' son was living in the home. In August of 2013, the circuit court entered its "Order Accepting Stipulation of Abuse and/or Neglect."

Prior to the dispositional hearing, Petitioner Father filed a motion to dismiss the abuse and neglect proceedings based upon an alleged failure by the DHHR to achieve reunification of the family.[3] Thereafter, in February of 2015, the circuit court held a dispositional hearing, during which a DHHR employee testified that, as a part of their PRIDE training, petitioners were instructed not to employ corporal punishment on the children because of the children's history of physical abuse. In fact, evidence established that since 2009, petitioners were instructed and counseled on several occasions not to use corporal punishment on the children. The evidence also established that petitioners were instructed multiple times over several years not to allow L.H. to reside in the home with the children because of his prior involuntary termination of parental rights to the children and allegations of sexual abuse of R.F. Despite these instructions, petitioners continued to employ corporal punishment and allowed L.H. to live in the home. The circuit court further found that Petitioner Mother was convicted of the felony offense of child abuse by a parent resulting in bodily injury for the conduct alleged in the petition.[4] Ultimately, the circuit court terminated petitioners' parental rights to the children. Petitioners appeal from the dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

[3]The record on appeal is unclear as to whether the circuit court denied the motion to dismiss. The appendix contains a copy of Petitioner Father's motion to dismiss, dated January 20, 2015. However, the only order ruling on a motion to dismiss contained in the appendix issued from Petitioner Mother's related criminal proceeding on November 6, 2013.

[4]Petitioner Mother appealed her conviction to this Court. We affirmed her conviction. *State v. Bonnie H.*, No. 14-1139 (W.Va. Supreme Court, November 23, 2015)(memorandum decision).

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error on appeal.

First, the Court declines to address petitioners' assignment of error regarding a motion to disqualify the prosecuting attorney from representing the DHHR below. The record on appeal contains no motion to disqualify the prosecuting attorney on these grounds, and the docket sheet for the abuse and neglect proceedings does not include a motion to disqualify. Further, the only order ruling on such a motion issued not from the instant abuse and neglect proceedings, but from Petitioner Mother's related criminal case. While it is true that these circuit court matters were related, the Court is precluded from addressing the circuit court's rulings in the criminal matter because those orders are not at issue in the instant appeal. This Court has often held that a party must assert a right in the circuit court to preserve the issue for appellate review. *See State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009) ("general rule is that nonjurisdictional questions not raised at the circuit court level will not be considered to the first time on appeal") (citation omitted). Because petitioners did not raise this issue before the circuit court in the abuse and neglect proceeding, and because no order issued ruling on the same, the Court declines to address this assignment of error.

Next, the Court finds no error in regard to petitioners' assignment of error regarding alleged prosecutorial misconduct in regard to two orders containing findings that the DHHR made reasonable efforts to reunite the family below. Petitioner argues that the prosecuting attorney that prepared these orders committed misconduct because the circuit court did not make such findings during the hearings from which these orders issued. However, we disagree. We have routinely held that "[i]t is a paramount principle of jurisprudence that a court speaks only through its orders." *Legg v. Felinton*, 219 W.Va. 478, 483, 637 S.E.2d 576, 581 (2006) (citing *State v. White*, 188 W.Va. 534, 536 n. 2, 425 S.E.2d 210, 212 n. 2 (1992)). Simply put, the circuit court was not precluded from making additional findings in its order upon the evidence presented at these hearings or in the case generally, nor was it precluded from approving any orders submitted for its review simply because it did not expressly make a certain finding on the record during the hearings from which these orders issued. Moreover, this assignment of error is especially without merit considering the circuit court's ultimate findings regarding the DHHR's reasonable efforts made throughout petitioners' history of CPS involvement, including in the current abuse and neglect proceedings, as addressed below.

3

Petitioners' next assignment of error alleges that the circuit court erred in denying the motion to dismiss upon the allegation that the DHHR did not make reasonable efforts to reunify the family. Upon our review, we find no error in this regard. First, petitioners cite to no legal authority that would necessitate dismissal of an abuse and neglect petition due to the DHHR's alleged failure to provide reasonable efforts to reunify the family. Second, the circuit court in this matter specifically found that the DHHR made such reasonable efforts. In fact, the record is clear that the DHHR began providing petitioners such services during the abuse and neglect proceeding wherein the children's biological parents' parental rights were terminated. The circuit court found that petitioners herein were allowed to participate in that proceeding prior to adopting the children and also received PRIDE training in 2009 in an effort to instruct them on becoming foster parents. During that training, petitioners were instructed not to use corporal punishment on the children, due to their history of abuse. Further, during multiple CPS investigations into referrals made against them, petitioners were again counseled on appropriate discipline techniques for the children. Petitioners were also instructed on multiple occasions not to allow their son around the children because of his prior involuntary termination of parental rights to the children and allegations of sexual abuse against him. Despite these services, the conditions of abuse persisted in petitioners' home.

Most importantly, however, was the circuit court's finding that Petitioner Mother subjected the children to chronic abuse by her physical abuse of R.F., for which she was criminally convicted, and the fact that the other children witnessed the same. The record is clear that Petitioner Mother's use of inappropriate corporal punishments began at least as early as 2010 and continued through 2013, when the instant abuse and neglect petition was filed. As such, it is clear that this case constituted aggravated circumstances pursuant to West Virginia Code § 49-6-5(a)(7)(A). According to the statute,

> the [DHHR] is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parent has subjected the child, another child of the parent or any other child residing in the same household . . . to aggravated circumstances which include, but are not limited to, . . . chronic abuse . . . .

Petitioners argue that this case was never filed as an aggravated circumstances case, nor was it amended as such, and that the DHHR was therefore required to provide reasonable efforts to reunify the family. The Court, however, does not agree, as the statute quoted above grants the circuit court discretion to make a determination as to the existence of aggravated circumstances. As such, the DHHR's failure to allege aggravated circumstances in the abuse and neglect petition did not preclude the circuit court from making such a determination. For these reasons, the circuit court did not err in denying petitioners' motion to dismiss the petition upon the allegation that the DHHR did not provide reasonable efforts to reunify the family.

Finally, the Court finds no error in regard to the entry of the dispositional order below. Citing Rule 36(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, petitioners argue that the dispositional hearing was held on February 24, 2015, but the order was not entered until June 8, 2015, well outside the requirement that such orders be entered within ten days of dispositional hearings. However, petitioners cite to no prejudice to them as a result of this delay, and instead simply argue that the circuit court should have rejected

4

the order as untimely once it was submitted. Petitioners also argue that once the order was received, the circuit court allegedly attempted to back-date the order in an effort to preclude their appeal. Upon our review, we find no merit to either of these assignments of error, especially in light of the fact that petitioners have, in fact, appealed the circuit court's order.

We have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Our review of the record shows that the error of which petitioners complain is not of such significance in this matter, based upon the specific facts therein, that it warrants a reversal of the resulting order. While it is true that the dispositional order was entered well outside the ten-day time frame for such orders, there was simply no prejudice to petitioners caused by the delay. Moreover, in regard to their allegation that the circuit court attempted to preclude their appeal of that order, we find that the same is moot given their appeal to this Court. "Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908). For these reasons, we find no error in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 8, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II