# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**February 16, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: M.C. & G.C.

**No. 15-0791** (Webster County 14-JA-43 & 14-JA-44)

## MEMORANDUM DECISION

Petitioner Father S.C., by counsel Christopher G. Moffatt, appeals the Circuit Court of Webster County's June 1, 2015, order terminating his parental rights to M.C. and G.C. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the children in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in relying solely upon a prior termination of his parental rights in terminating his parental rights to the children at issue herein.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2014, the DHHR filed an abuse and neglect petition against petitioner. In that petition, the DHHR alleged that in December of 2014 petitioner's parole officer and Child Protective Services ("CPS") workers (1) found a "baggie of powdery substance that field tested positive for methamphetamine" in petitioner's residence that was accessible to the children; (2) detected the odor of marijuana in the residence; (3) found that a felon, previously convicted of a drug crime, had stayed at petitioner's residence overnight, apparently in violation of petitioner's terms of parole; and (4) found drug paraphernalia and other evidence of drug use in petitioner's home, which included the children's mother's admission to "smoking" roxicontin, a controlled substance, in that home while the children were present. The DHHR further alleged that petitioner's parental rights to another child had previously been terminated at a dispositional hearing held on December 3, 2014, in a separate abuse and neglect proceeding. Thereafter, the DHHR amended its petition for reasons not relevant to this appeal.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

In February of 2015, the circuit court held an adjudicatory hearing. At that hearing, petitioner stipulated to the allegations as detailed in the abuse and neglect petition filed in December of 2014. Notably, petitioner admitted that his parental rights were recently terminated to another child based on abandonment; failure to provide for the child; residential instability; and failure to participate in multidisciplinary meetings, a psychological evaluation, and court proceedings. The circuit court denied petitioner's motion for a post-adjudicatory improvement period based, at least in part, on evidence that petitioner failed to comply with services in the prior abuse and neglect proceeding. The circuit court found that petitioner was unlikely to participate in services in this matter.

In April of 2015, the circuit court held a dispositional hearing. The DHHR presented the testimony of a probation officer who drug tested petitioner in April of 2015. According to the probation officer, while petitioner tested negative on one drug screen, he tested positive for oxycodone on April 8, 2015, and oxymorphone and hydromorphone on April 14, 2015, without a valid prescription. Petitioner presented no evidence. At the conclusion of the hearing, the circuit court found that petitioner failed two drug screens and failed to comply with services in the recent prior abuse and neglect proceeding. As such, by order entered on June 1, 2015, the circuit court terminated petitioner's parental rights to the children. That order expressly addressed "[S.C.'s] [d]rug [s]creen [r]esults." The circuit court found that, based on petitioner's failure to comply with services in the recent, prior abuse and neglect proceedings, there was no reasonably likelihood that petitioner would comply with an improvement period in this matter; that petitioner failed to establish that he would comply with the terms of an improvement period; and that no less-restrictive alternative to termination existed. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner asserts that the circuit court erred in terminating his parental rights to M.C. and G.C. based solely on his prior termination of parental rights to another child. However, petitioner's argument is based upon factual assertions not supported by the record

before this Court. While petitioner correctly notes that a circuit court generally speaks through its written orders,[2] we disagree with his argument that the circuit court's written termination order relied solely on the prior termination to support the instant termination. Further, we find no merit to petitioner's claim that "[p]etitioner, in effect, could do nothing to save his parental rights" in the instant proceeding due to his prior termination. Here, in addition to finding that petitioner failed to comply with services in his prior abuse and neglect proceeding, the circuit court's termination order references his drug screens, two of which were positive for controlled substances, and his failure to establish by clear and convincing evidence that he could comply with an improvement period. Therefore, the termination order includes findings and conclusions made by the circuit court at the conclusion of the dispositional in addition to the finding that petitioner had a prior termination of parental rights. Consequently, we find petitioner's first assignment of error to be meritless.

We also find no merit to petitioner's assertion that the DHHR failed to satisfy its burden at disposition of proving that no less-restrictive dispositional alternative existed. This Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va.Code [§ ] 49-6-5 [1977] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va.Code [§] 49-6-5(b) [1977] that conditions of neglect or abuse can be substantially corrected." Syl. pt. 2, *In Re: R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 2, *In re Dejah P.*, 216 W.Va. 514, 607 S.E.2d 843 (2004). West Virginia Code § 49-6-5(b) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when

(1) [t]he abusing parent or parents have habitually abused or are addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and such person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning

. . .

(3) [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]

---

[2] *See State v. White*, 188 W.Va. 534, 536 n.2, 425 S.E.2d 210, 212 n.2 (1992) (stating that "a court speaks through its orders, [and] we are left to decide this case within the parameters of the circuit court's order.")(*citing State ex rel. Erlewine v. Thompson*, 156 W.Va. 714, 718, 207 S.E.2d 105, 107 (1973) and *State v. Flint*, 171 W.Va. 676, 679 n. 1, 301 S.E.2d 765, 768 n. 1 (1983)).

In this case, petitioner failed two drug screens during the pendency of the proceedings below following his admission to issues with controlled substances in his home. Further, petitioner failed to comply with services in his prior abuse and neglect proceeding, which he admitted at the adjudicatory hearing. Given the evidence presented in this matter, we find no error in the circuit court's ruling that terminated petitioner's parental rights to these children.

For the foregoing reasons, the circuit court's June 1, 2015, termination order is hereby affirmed.

Affirmed.

**ISSUED**: February 16, 2016

**CONCURRED IN BY**:


Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II