**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**April 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-1048** (Cabell County 18-F-36)

**Matthew Edward Corrigan,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Matthew Edward Corrigan, by counsel Timothy P. Rosinsky, appeals the October 21, 2019, sentencing order of the Circuit Court of Cabell County imposing petitioner's original sentence of sixty years of incarceration following petitioner's violation of the terms and conditions of his home confinement as a part of an alternative sentence. Respondent State of West Virginia, by counsel Gordon L. Mowen, II, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 23, 2018, petitioner was indicted in the Circuit Court of Cabell County on one count of first-degree robbery, one count of brandishing, and four counts of shoplifting, third offense. Petitioner and the State reached a plea agreement pursuant to the Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure that was binding upon the circuit court.[1] Petitioner

---

[1]In Syllabus Point 2 of *State ex rel. Forbes v. Kaufman*, 185 W. Va. 72, 404 S.E.2d 763 (1991), we held:

1

agreed to enter a *Kennedy* plea to first-degree robbery in exchange for the State's dismissal of the other charges.[2] The parties further agreed that the appropriate disposition of the case was a sixty-year sentence of incarceration suspended in favor of alternative sentencing in the form of ten years of home confinement, five years of probation, and one year of parole in order for petitioner to discharge his sentence.

During an October 23, 2018, plea hearing, petitioner confirmed his understanding that he would be sentenced to sixty-years of incarceration should he violate the terms and conditions of his home confinement:

> [Petitioner's counsel]: And you understand the consequences in the event that there would be a violation of either the terms [and] conditions of home confinement or the terms [and] conditions of supervised probation?
>
> [Petitioner]: Yes, sir.
>
> [Petitioner's counsel]: *And you understand that . . . if anything went sideways and you came before the [c]ourt[,] . . . the [c]ourt had to reimpose the original sentence, which is 60 years?*
>
> [Petitioner]: *Yes, sir.*
>
> [Petitioner's counsel]: With all that you knowingly and voluntarily agree to the terms of this agreement?
>
> [Petitioner]: Yes, sir.

(Emphasis added.). Thereafter, petitioner entered a *Kennedy* plea to first-degree robbery, which the circuit court accepted. Pursuant to the plea agreement, the circuit court sentenced petitioner to sixty years of incarceration and then suspended that sentence in favor of alternative sentencing in the form of ten years of home confinement, five years of probation, and one year of parole.

---

> Where the state agrees that a specific sentence is a suitable disposition of a criminal case and enters into a plea agreement with the defendant pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure, the trial court may either accept or reject the entire agreement, but it may not accept the guilty plea and impose a different sentence.

[2]Relying on *North Carolina v. Alford*, 400 U.S. 25 (1970), this Court held in Syllabus Point 1 of *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987), that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him."

2

Petitioner began his home confinement on October 23, 2018, and signed the terms and conditions thereof on October 28, 2018. Relevant here, petitioner was required to (1) "abide by a schedule prepared and set by the alternative sentencing officer designating the times when [petitioner] may be absent from the approved residence of home incarceration,[3] and/or the locations [petitioner] is permitted to visit during the scheduled absence"; (2) "submit to random . . . drug . . . testing at the discretion of the alternative sentencing officer"; and (3) refrain from purchasing, possessing, using, or having in the approved residence "any drug(s) or substance(s) listed in the Uniform Controlled Substances Act[.]"[4] On September 3, 2019, the State filed a petition to revoke petitioner's home confinement. According to petitioner, he admitted testing positive for opiates, fentanyl, and cocaine on August 26, 2019, using heroin on August 23, 2019, and committing numerous other violations of the terms and conditions of his home confinement involving petitioner's absence from the "place and time . . . reported on his daily home confinement schedule."

Before the circuit court, the parties disputed the appropriate disposition of the revocation of petitioner's home confinement due to the numerous violations of the terms and conditions thereof. Given the terms of the plea agreement, and the fact that petitioner was on home confinement as a part of his alternative sentence, the State argued that the circuit court should impose the original sentence of sixty years of incarceration. Petitioner countered that the Home Incarceration Act, West Virginia Code §§ 62-11B-1 through 62-11B-13 ("the Act"), did not authorize the circuit court to treat a defendant such as petitioner, who was on home confinement as a part of an alternative sentence, differently than a defendant who violated the terms and conditions of home confinement as a part of probation. Accordingly, because West Virginia Code § 62-11B-9(a) refers to West Virginia Code § 62-12-10, petitioner argued that the circuit court should impose a sixty-day "shock" sentence of incarceration pursuant to West Virginia Code § 62-12-10(a)(2). Following an October 15, 2019, hearing, the circuit court ruled in the State's favor, finding that petitioner had "a significant opportunity" that "he negotiated for and received," in the form of a binding plea agreement, but that he violated the terms and conditions of his home confinement. Therefore, by order entered on October 21, 2019, the circuit court revoked petitioner's home confinement and imposed his original sentence of sixty years of incarceration for first-degree robbery.[5]

Petitioner now appeals the circuit court's October 21, 2019, sentencing order. This Court

_____

[3]Consistent with the parties' practice, we will continue to use the term "home confinement" rather than "home incarceration." *See Elder v. Scolapia*, 230 W.Va. 422, 424 n.1, 738 S.E.2d 924, 926 n.1 (2013) (noting that, in 1994, the Home Confinement Act, West Virginia Code §§ 62-11B-1 through 62-11B-13, was renamed the Home Incarceration Act).

[4]The Uniform Controlled Substances Act is set forth at West Virginia Code §§ 60A-1-101 through 60A-6-505.

[5]By subsequent order entered on December 9, 2019, the circuit court granted petitioner's motion to receive credit for time served while on home confinement.

"reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). We have further held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

On appeal, petitioner argues that the Act did not authorize the circuit court to treat a defendant such as petitioner, who was on home confinement as a part of an alternative sentence, differently than a defendant who violated the terms and conditions of home confinement as a part of probation. The State counters that the circuit court did not abuse its discretion in imposing the original sentence of sixty years of incarceration for first-degree robbery following petitioner's violation of the terms and conditions of his home confinement. We agree with the State.

As we recently stated in *State v. Walker*, ___ W. Va. ___, 851 S.E.2d 507 (2020), the Act "provides three possible bases under which a court may order participation in a home incarceration program: (1) as a condition of probation; (2) as a condition of bail; or (3) as an alternative sentence to another form of incarceration." *Id.* at 509 (citing W. Va. Code § 62-11B-4(a)). Here, it is undisputed that petitioner was on home confinement as a part of an alternative sentence to another form of incarceration.

West Virginia Code § 62-11B-9 sets forth the procedures that a circuit court must follow when a defendant violates the terms and conditions of home confinement:

> (a) If, at any time during the period of home incarceration, there is reasonable cause to believe that a participant in a home incarceration program has violated the terms and conditions of the circuit court's home incarceration order, he or she is subject to the procedures and penalties set forth in [West Virginia Code § 62-12-10].

> (b) If, at any time during the period of home incarceration, there is reasonable cause to believe that a participant sentenced to home incarceration by the circuit court has violated the terms and conditions of the circuit court's order of home incarceration *and the participant's participation was imposed as an alternative sentence to another form of incarceration*, the participant is subject to the same procedures involving confinement and revocation as would a probationer charged with a violation of the order of home incarceration. *Any participant under an order of home incarceration is subject to the same penalty or penalties, upon the circuit court's finding a violation of the order of home incarceration, as he or she could have received at the initial disposition hearing: Provided, That the participant shall receive credit towards any sentence imposed after finding a violation for the time spent in home incarceration.*

W. Va. Code §§ 62-11B-9(a) and (b) (Emphasis added.). In *Walker*, we found that West Virginia Code § 62-11B-9(a) "applies broadly to all forms of home incarceration, while . . . [West Virginia Code § 62-11B-9(b)] is limited by its first sentence to only apply where home incarceration was imposed as an alternative sentence." 851 S.E.2d at 511. Therefore, contrary to petitioner's

4

argument, we find that the Act differentiates between those situations where a defendant such as petitioner was on home confinement as a part of an alternative sentence to another form of incarceration and situations in which home confinement was imposed upon a different basis.

Here, West Virginia Code § 62-11B-9(b) required the circuit court to give petitioner credit for time served while on home confinement, *see Walker*, 851 S.E. at 507, syl. pt. 3; the court gave the appropriate credit pursuant to the statute.[6] However, West Virginia Code § 62-11B-9(b) also permitted the circuit court to impose the original sentence of sixty-years of incarceration for first-degree robbery because West Virginia Code § 62-11B-9(b) provides, in pertinent part, that "[a]ny participant under an order of home incarceration is subject to the same penalty or penalties, upon the circuit court's finding a violation of the order of home incarceration, as he or she could have received at the initial disposition hearing[.]" As we have long found, West Virginia Code § 62-11B-9(b) reflects that the Act is penal in nature and that "[a] violation of [the terms and conditions of home confinement] results in the offender being subject to incarceration under the penalties prescribed for the crime." *State v. Hughes*, 197 W. Va. 518, 527, 476 S.E.2d 189, 198 (1996) (quoting *State v. Long*, 192 W. Va. 109, 111, 450 S.E.2d 806, 808 (1994)). Pursuant to West Virginia Code § 61-2-12(a), a person convicted of first-degree robbery is subject to a term of incarceration of not less ten years. Furthermore, petitioner confirmed at the October 23, 2018, plea hearing, that he understood that, if he violated the terms and conditions of confinement, the plea agreement provided that his original sentence for first-degree robbery would be imposed. Accordingly, we conclude that the circuit court did not abuse its discretion in imposing the original sentence of sixty years of incarceration following petitioner's violation of the terms and conditions of his home confinement.

For the foregoing reasons, we affirm the circuit court's October 21, 2019, sentencing order.

Affirmed.

**ISSUED:** April 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[6]*See* fn.5.